## WILL OGLESBY v. STATE OF FLORIDA

23 So. (2nd) 558 June Term, 1945
October 23, 1945 Division B

*J. Harry Schad,* for appellant.

*J. Tom. Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

THOMAS, J.:

The sole question presented to us in this appeal is whether reversible error was committed in rulings of the court in respect to a certain utterance of the state attorney in the course of his argument to the jury.

It is reported that this official said: " 'law enforcement officers of this County would not have brought this Defendant into this Court on this charge if it were not for the fact that there were other matters of this kind that could be tacked on him.' " Objection was made and mistrial requested. The state attorney denied he made the comment "as stated." Following the motion containing the objectionable language we have quoted, the judge observed that he "was reading over the charge [he] intended to give to the jury at the moment the remark of the State Attorney . . . was made . . . therefore [did] not know of [his] own knowledge just what the State Attorney did say." However, he denied the motion and admonished the jury "that in determining the guilt or innocence of this Defendant, you will consider only the charge as stated against him in this information."

It is the rule in this state that the trial judge shall halt improper remarks of counsel made during an address to the jury even though he is not requested to do so. However, a judgment will not be reversed because he failed in the duty unless timely objection was made. If, though, the comments

are so prejudicial that "neither rebuke nor retraction may entirely destroy their sinister influence . . . a new trial should be awarded regardless of the want of objection or exception." Carlile v. State, 129 Fla. 860, 176 So. 862. It has also been decided that where the argument contains "aspersions" or "improper insinuations" the judge should sustain the objection as well as rebuke the offender in order to impress the jury with the impropriety of counsel's conduct. Deas v. State, 119 Fla. 839, 161 So. 729.

We shall not consume any time in discussing the application of the rule which the judge should apply in the absence of objection, for we believe protest in the trial of the instant case was seasonably made. The immediate concern is with the gravity of the innuendo.

From its very nature the remark was a calumny calculated to prejudice the jury in its duty to presume the defendant innocent and to weigh impartially the evidence to determine whether that presumption had been overcome. We do not say, as it is not necessary to say, that the language was of such damaging character as to have obligated the court of its own accord to recognize its sinister effect; nor do we decide that the remark was so palpably injurious that retraction or rebuke could not have destroyed its influence; but we do have the view that the mischief due the defendant's cause by the unfortunate and unwarranted remark of the state attorney in this case was not removed by the judge's mild instruction to the jury, which was in no sense a rebuke to the prosecutor for his uncalled-for abuse. The record is devoid of anything approaching a retraction. Without reference to the incident, the judge merely indulged in the generality that the jury should consider only the charge alleged in the information. This was not enough to overcome the evil effect of what the prosecutor had just hinted about other misdeeds of the kind (receiving stolen property) which could be fastened on the defendant.

This court has spoken quite definitely upon the subject of the obligation of state attorneys to assure defendants fair trials, and we have even classified them as semi-judicial

officers. Washington v. State, 86 Fla. 533, 98 So. 605. The conduct exhibited in this case does not comport with the standards set over a long period and in many cases considered by this court. It is at once apparent that transgressions such as occurred here not only jeopardize the right of defendants to an impartial trial, but also result in useless expenditure of time and money.

It is the view of the attorney general that evidence of the appellant's guilt was so overwhelming that there was small likelihood of damage to the defendant's case from the state attorney's argument. This position is doubtless suggested by the quotation in Deas v. State, supra, from Berger v. United States, 55 S. Ct. 629, 79 L. Ed. 1314, 295 U.S. 78, where the latter court held improper remarks by the United States attorney prejudicial to the defendant, but observed that had "the evidence of . . . guilt [been] 'overwhelming,' a different conclusion might be reached."

Even were we understood to accept or adopt such a rule, it still would not be appropriate here because we have read the testimony offered by the state and do not find that the state's case was of such strength that it could be said the objectionable language was thereby rendered harmless.

In all probability no conviction could have been secured without the testimony of the witness who had broken and entered the store building and who, at the time of the trial, had already plead guilty and been sentenced by the court. He told of his marauding and of disposing of the loot by sale to the appellant, but he denied on both direct and cross examinations that he told appellant where the property had been obtained by him. When questioned by the state attorney himself he was asked, "Did you tell him where you got the cigarettes and wine [alleged to have been received by appellant and known at the time by him to have been stolen]?" and he replied, "No, sir."

An essential element of the offense with which defendant was charged is that the person accused must have known the property to have been stolen. It could not, in the light of

what we have quoted, be said that the evidence of guilty knowledge on the part of the appellant was "overwhelming."

But three witnesses were offered by the state—namely, the thief, the storekeeper, and the sheriff. The first freely admitted his own guilt, but denied that he apprised appellant of the origin of the property sold to him. The second knew his building had been broken and entered, but was ignorant of the identity of the trespasser. The third, the sheriff, executed a search warrant and took into his possession several cartons of Lucky Strike cigarettes, the same brand shown to have been stolen.

Some suspicious circumstances were shown by the evidence, such as appellant's exhibiting to the sheriff an invoice indicating the purchase by appellant from a dealer of the same kind of cigarettes, but of fewer cartons than those found at the time of the seizure; appellant's purchasing goods from an itinerant for an amount below the market price. There was, however, vast room for the jurors to differ on the question of the proof establishing defendant's guilt beyond a reasonable doubt. It may well be that the jury was influenced by the prosecutor's unsuitable remarks and that this tipped the scale of justice against the defendant.

We are constrained to hold that the appellant is entitled to a new trial; so the judgment is

Reversed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.