TERRELL, Justice.
Appellant was indicted, tried and convicted for murder in the first degree with recommendation to mercy. He was sentenced to state penitentiary at hard labor for the term of his natural life and now seeks relief from that judgment by appeal.
It is contended (1) that the trial court committed error in allowing the state attorney in his closing argument to the jury to comment on. the fact that defendant failed to take the stand and testify in his own behalf; (2) the evidence does not support the verdict of the jury and judgment of the trial court in finding defendant guilty of murder in the first degree, in that there is no showing of premeditation.
The indictment charged that appellant did unlawfully and from a premeditated design effect the death of Zona Spiith by “choking and strangling her to death with his hands.” Zona Smith was the wife of appellant. Appellant testified that while lying in bed at night he was attacked by two night prowlers and after an encounter with them, he went to his son’s bedroom and thinking he was one of the night prowlers proceeded to belabor him. The son escaped *305 to a nearby neighbor and called the sheriff. Appellant says he returned to his room and found his wife on the floor. From this it appears that he had assaulted her instead of the prowlers but he lifted her on the Red and lay down beside her. The sheriff arrived at the house in about fifteen minutes after the crime and found it locked except the door where the son escaped and that was shown to have been locked before his escape. There was no evidence whatever of breaking and entering.
The son, about 18 years old, testified in substance that for the past five years his father had been chasing other women and that he and his mother had had “quite a few” arguments about that; that his father had asked his mother to get a divorce but she refused. The jury evidently could not understand how a man could mistake his wife whom he had lived with for twenty years, who was in bed clothed in nothing but her nightgown, for a night prowler and choke her to death. It is about as mysterious that he could mistake his son who was in his bed asleep for another night prowler. But stranger than all is to contemplate that for five years the husband could chase other women and the domestic relations did not suffer rift after rift or be rent asunder by divorce. Human nature is not so constituted that it will withstand such a strain. One who would contend otherwise ought to be awarded an “Oscar” for excellence in the quality of muteness and indifference to the inevitable. Unquestionably there was basis for the jury to extract the element of premeditation.
We have examined the contention that in his closing argument the state attorney took advantage of the fact that appellant failed to take the stand and testify in his own behalf but find no basis for this contention. It is a fact that the state attorney did allude to the character of the evidence adduced by-the state and drew his deductions from it. He did draw the attention of the jury to such facts of the evidence as'were in conflict and that part in which there was no conflict. He had a right to do this as he did to call attention to such parts as were contradictory or affected with inherent improbability; but we find no direct or covert reference that could be construed as a comment on failure of defendant voluntarily to take the stand and testify for himself.
As to the charge that the state attorney made prejudicial remarks in his argument to the jury, we do not find any place in the record that such an objection was offered to the court so the point cannot be properly raised before the court. Mendez v. State, Fla., 39 So.2d 468; Oglesby v. State, 156 Fla. 481, 23 So.2d 558. Such objections come too late on appeal if not assigned as error before the trial court.
In sum, this case presents nothing but a simple jury question. Every point raised resolves from the jury’s assay of the evidence. It is evident that defendant killed his wife; he does not plead insanity but relies on a story that was too thin and incredible for the jury whose finding was approved by the trial court. The jury’s deductions find ample support in the record; to overrule them on the showing made would amount to substituting our judgment for theirs which we ,are not authorized to do.
The judgment appealed from must be, and is hereby, affirmed.
Affirmed.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.