PER CURIAM.
The appellant seeks review of the judgment and sentence entered by the trial-court, pursuant to a jury verdict finding: him guilty of breaking and entering a. dwelling, and grand larceny.
*628 The appellant has preserved two points for review, contending that the trial court erred in: 1. Admitting into evidence incriminating admissions made by the appellant during a “round robin” interrogation,[1] on the grounds that said statements were obtained in violation of appellant’s rights in that he was not warned of his constitutional rights prior to the interrogation, that his counsel was not present during said interrogation, and that the statement was not freely and voluntarily given; and 2. Failing to grant a mistrial, when the prosecuting attorney commented on remarks allegedly made by another who was charged with the crime [Charles A. Hinton], who was not a party to the cause, on the grounds that said comments could do nothing but inflame and prejudice the jury against the appellant and violated the appellant’s constitutional right to confront his accuser. We find no error, and affirm.
While the appellant wasn’t advised of his constitutional rights immediately prior to the “round robin”, he was advised of his rights about an hour earlier. Furthermore, the appellant did not request the presence of his attorney at the interrogation and the record affirmatively shows the appellant’s statements were given freely and voluntarily. See: Roberts v. State, Fla.1964, 164 So.2d 817; Crum v. State, Fla.App.1965, 172 So.2d 24; Montgomery v. State, Fla.1965, 176 So.2d 331; Morgan v. State, Fla.App. 1965, 177 So.2d 60.
The remarks of the prosecuting attorney were not of such an inflammatory nature so as to prejudice the jury against the appellant, and presented only that information necessary to give substance to the circumstances under which the appellant made his confession. Thus, the appellant’s right to confront Hinton was not violated, and the trial court properly denied the appellant’s motion for mistrial. See: Spencer v. State, Fla.1961, 133 So.2d 729. In Perry v. State, 146 Fla. 187, 200 So. 525, the court said the following in affirming a conviction:
* * ‡ * * *
“The granting of a mistrial should be only for a specified fundamental or prejudicial error which has been committed in the trial of such a nature as will vitiate the result. * * * ”
* * * * * *
Therefore, for the reasons stated the judgment and sentence here under review is hereby affirmed.
Affirmed.

. A “round robin” is a police interrogation device wherein the charged parties are placed in a closed room with detectives, and one party is urged or at least permitted to falsely accuse the others with having committed certain acts. In response thereto and denial thereof, the appellant made certain incriminating admissions which were introduced at his trial.