192 So.2d 762 (1966)
Arthur ADAMS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 34659.
Supreme Court of Florida.
December 14, 1966.
Sholts & Adams, West Palm Beach, and Henry H. Arrington, Miami, for appellant.
Earl Faircloth, Atty. Gen., and T.T. Turnbull, Asst. Atty. Gen., for appellee.
ERVIN, Justice.
The case before us is an appeal from a judgment of guilty and a sentence of death entered as a result of an indictment by a Palm Beach County Grand Jury, a plea of not guilty, a verdict of guilty with no recommendation of mercy and after a denial of a motion for a new trial.
The basic facts set forth for our consideration reveal that Arthur Adams, Jr., Appellant herein, entered a women's wear store in downtown West Palm Beach, accosted the cashier with a gun and demanded the money in the cash register. It is related that the cashier attempted to persuade the Appellant not to go through with the robbery and a scuffle ensued. During the scuffle two shots were fired from the pistol which Appellant had in his possession  one shot killing the cashier and the other striking Appellant's foot, inflicting a minor injury. The Appellant thereupon fled the scene and was apprehended several hours later at a local bus station. He had in his possession at the time of his apprehension a sum of money approximating the amount of the money missing from the cash register.
This Court is presented with several points on appeal, among which are two warranting a reversal of the conviction and an entry of an order for a new trial.
We are not unmindful of the abominable nature of the offense of which Appellant was convicted below  but neither should we be unmindful of, or shut our eyes to violations of constitutional concepts of due process, the benefits of which cloak every person in our courts of law. It is the duty of this Court to make a determination as to whether the Appellant received what may be considered a fair trial. In view of the circumstances related hereafter we find *763 that this question must be answered in the negative.
We focus our attention at this time upon the contention made by Appellant, viz., that the court erred in allowing the state in its closing argument to make remarks equating the victim of the homicide to wives and relatives of the jurors. We cite as examples the following remarks by the State Attorney and do feel that the same are unduly prejudicial to Appellant's cause.
"* * * Let me say a few words here about capital punishment. Can a woman, can your wife, your sister, or employees * * * in West Palm Beach, make a living honestly and sincerely without being percepted [sic] to danger of death day by day?"
"When you go home tonight, I ask you to just think if your wife wasn't there because she had been murdered by a robber, and I ask you what you would feel about that? Or your daughter, who is working for a living trying to live * * *" (emphasis added)
That remarks of such a nature have been held to be prejudicial and inflammatory and do constitute sufficient grounds for reversal and new trial is beyond question. See Coley v. State, Fla. 185 So.2d 472; Collins v. State, Fla., 180 So.2d 340; Barnes v. State, Fla., 58 So.2d 157, and Stewart v. State, Fla., 51 So.2d 494.
In Coley v. State, supra, the defendant was convicted of rape and appealed, contending that the court committed fatal error in making certain remarks to the jurors. The statement under attack (made to the jurors by the trial judge regarding capital punishment) was:
"* * * I realize that some people don't believe in it, and I also realize that some of those people that say they don't believe in it, if their little daughter or their wife was raped, they would believe in it fast. Or if their wife was murdered, or some member of their family murdered * *" (emphasis added) (at 473)
We reversed the conviction and remanded for new trial, finding the remarks prejudicial and equating them with those made by the State Attorney in Barnes v. State, supra. We might add that in Coley, supra, we related that we were persuaded to adhere to the pronouncements in Pait v. State, 112 So.2d 380, prepared by Mr. Justice Thornal, which held:
"We think that in a case of this kind the only safe rule appears to be that unless this court can determine from the record that the conduct or improper remarks of the prosecutor did not prejudice the accused, the judgment must be reversed." (at 385)
In Collins v. State, supra, the defendant was convicted of rape and appealed, alleging that a certain remark by the prosecutor in final argument was fatal error. The remark under attack, set forth at 342, was: "I ask you gentlemen, those of you who have daughters, if one of your daughters was violated * * *'". At this point objection by defense was sustained. We held that since the objection was sustained it would be mere speculation on the part of the jury, and of this Court, as to what was to be added to the statement. We went on to add, however, that if the question in the remark had been completed in an improper manner this Court would declare the question improper and reverse.
Barnes v. State, supra, involved the conviction of defendants on a charge of assault with intent to murder in the second degree. At trial, in his closing argument to the jury, the State Attorney made the statement to the jury: "What if it was your wife or your sister or your daughter, that this beast was after?" We held the foregoing statement highly prejudicial and improper and of such a nature as to unduly create, arouse and inflame the prejudice, sympathy and passion of the jury to the detriment of the accused. We accordingly reversed the conviction and remanded the case for new trial. Also regarding the element of a fair and impartial trial, we refer to Stewart v. State, supra, *764 which involved a conviction in a criminal court of record for fondling an infant under the age of fourteen years. In reversing the conviction and awarding a new trial, we stated, at 494, that:
"* * * it is the duty of counsel to refrain from inflammatory and abusive argument * * * [W]e are committed to the principle of fair and impartial trial, regardless of the offense one is charged with * * * The trial of one charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament."
In 9 Fla.Jur., "Criminal Law, § 57, at page 78, it is stated:
"The attorneys for the state should refrain from inflammatory and abusive argument since they are officers clothed with quasi-judicial powers."
It seems apparent to us that when the preceding principles and pronouncements of law are applied to the stituation sub judice the conviction below can not stand. This result is called for and demanded by justice, regardless of the provocation or indignation, however, righteous, caused by the act under prosecution. We are not, however, faced only with the existence of remarks calculated to cause subjective identification with the crime on the part of the jurors. Also present, and fatally so in our consideration, are references by the State to the defense counsel in closing argument which were so extreme and of such a nature that they could be prejudicial to the cause of the Appellant. The following are examples of statements by the State that we consider violative of proper bounds of courtroom conduct:
"You have just heard the most twisted statement of glorified murder that I have ever heard in my life." "There was not one word about Barbara Price, this body laying on the floor with the blood ebbing from it without her fault."
"Let me just show you what perverted and distorted things a lawyer can do when he wants to do it. How wrong it is, and when they try to do such as this, it is disgusting."
"If he thought Mrs. Mayer had one word of testimony, he, himself violated his oath as a lawyer and violated his representation of this man and as a human being * * * He has no business being a lawyer if he hadn't talked with her and found out that she knew nothing about it * * *"
The foregoing remarks perhaps would not constitute fatal error were their effect limited solely to the person toward whom they were formally addressed  the defense attorney. We are concerned, however, that the remarks might have attitudinized the jurors against the Appellant, and as such be prejudicial to his cause. We do not imply that the able State Attorney was not provoked in his indignation, but we nevertheless hold that he violated the spirit and the letter of our pronouncements in Stewart v. State, supra, prepared by the late Mr. Justice Terrell, and we reiterate the statement:
"* * * that it is the duty of counsel to refrain from inflammatory and abusive argument * * * [t]he trial of one charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament."
This concept must be adhered to in our courts regardless of compelling personal feelings.
Thus, it is our considered judgment that the appellant herein was not afforded that necessary degree of constitutional benefit to fair and impartial trial. We have been committed to this concept regardless of the heinousness of the crime with which a person may be charged and we have strongly advocated and held that attorneys for the State should refrain from inflammatory and abusive argument, since they *765 are officers clothed with quasi-judicial powers.
Reversed and remanded for new trial.
THORNAL, C.J., DREW and CALDWELL, JJ., and McCORD, Circuit Judge, concur.
THOMAS, J., dissents.
ROBERTS, J., dissents with opinion.
ROBERTS, J., dissenting:
I would affirm the judgment of the lower court.