SWANN, Judge.
This is an appeal from a' final order in supplementary proceedings entered in the Circuit Court of Dade County, Florida. The final order dated April 24, 1968 was in part as follows:
1. The COMPAÑIA DOMINICANA DE AVIACION, C por A is owned by *524 the Defendant REPUBLICA DOMINI-CANA.
2: Since the stock of COMPAÑIA DOMINICANA DE AVIACION, C por A, is not available for execution, since it is not in Dade County, Florida, the property of the corporation is subject to execution wherever it may be found to satisfy the Judgment entered herein against REPUBLICA DOMINICANA.
3. The findings of the Commissioner are approved and ratified.
Appellant, hereinafter called DOMINICAN AVIATION, argues that the trial court erred in finding that its property was subject to execution since it had not been impleaded as a party to the action.
This argument overlooks the fact that the trial court found that Dominican Aviation was owned by the defendant Re-pública Dominica; hereinafter called the Dominican Republic. The record on appeal does not contain the testimony or evidence presented before the commissioner in supplementary proceedings and upon which he based his findings of fact. These findings of fact were approved and ratified by the trial judge. The order on appeal comes to an appellate court with a presumption of correctness and there has been no showing in this record that the trial court committed reversible error by its finding that Dominican Aviation was owned by the Dominican Republic.
The ■ airline was also originally served in the trial court with an order entitled “Order on Supplementary Proceedings,” in which it was described as a party defendant, both in style and context. It moved to vacate this order to show that the sole defendant was the Dominican Republic and requested the court to abate and suppress any proceedings against it. The trial court granted its request in part and struck Dominican Airline from the style of the suit only. It cannot now be heard to say that the court committed reversible order by failing to have implead-ed it as a party defendant. If error were committed in this regard, it was invited error or error committed with the consent of the appellant.
The appellant’s point four for reversal appears to be without merit. See 13 Fla. Jur. Execution § 145. In addition, as said before, the record on appeal is insufficient to demonstrate that the court committed reversible error in finding that the airline was owned by the defendant, the Dominican Republic.
We only review, by this appeal, the order dated April 24, 1968. Appellant filed a motion to enlarge the record herein to include a suggestion of immunity from execution filed by the United States of America, dated November 29, 1968, and filed December 2, 1968; and an amendment to the suggestion of immunity from execution dated December 2, 1968, and filed December 3, 1968, and other matters. The motion to enlarge was denied because these pleadings were not before the trial judge at the time he entered his order of April 24, 1968.
The propriety of the suggestions of immunity from execution have not been ruled upon by the trial court and the propriety of the suggestions for immunity from execution are not properly before us on this appeal.
We, therefore, specifically refrain from voicing any opinion or decision concerning the suggestions of immunity filed in the trial court subsequent to the date of the order herein appealed. Those matters remain to be determined by appropriate judicial proceedings in the trial court.
The judgment herein appealed be and the same is hereby
Affirmed.