PER CURIAM.
Four men, one of whom was armed with a gun, broke into a residence occupied by a man and his wife and their two children. The adult occupants of the residence were beaten and robbed, and the woman and her fourteen year old daughter were raped. By separate indictments the appellant Marcus Holmes was charged with having committed the two rapes. Trial before a jury on the indictments resulted in verdicts of guilty with recommendations for mercy. Thereupon the appellant was adjudged guilty and was sentenced to 99 years confinement for one of the offenses and to life imprisonment for the other. He then filed the above numbered separate appeals therefrom, which were consolidated here.
 The appellant presents three contentions. First is a challenge of the sufficiency of the evidence to sustain the convictions. On review of the record we find that contention is without merit. The verdicts were amply supported by the evidence. Secondly, the appellant contends reversible error resulted from remarks of the prosecutor in argument. On review of the record and briefs with respect thereto, we find no reversible error. The brief of the appellant cites four statements of the prosecutor which it is contended constituted prejudicial error. As to the first two of those statements, the trial court sustained objections of the defendant’s attorney, and no request was made for the court to instruct the jury to disregard the remarks. See Morris v. State, 1930, 100 Fla. 850, 130 So. 582; Gysin v. State, Fla.App. 1963, 151 So.2d 349; Lawrence v. State, Fla.App.1966, 181 So.2d 572; 23A C.J.S. Criminal Law § 1115. As to the third statement, the defendant’s attorney moved to strike the same and the motion was granted. In addition, although it was not requested, the court instructed the jury to disregard the remark. That action by the trial court was sufficient in this instance, in the absence of the remark constituting fundamental error, which in our view it did not. Compare Akin v. State, 86 Fla. 564, 98 So. 609; Carlile v. State, 129 Fla. 860, 176 So. 862; Oglesby v. State, 156 Fla. 481, 23 So.2d 558; Pait v. State, Fla.1959, 112 So.2d *419 380; Ailer v. State, Fla.App.1959, 114 So.2d 348. The trial court overruled the defendant’s objection to the fourth statement listed here, and we find no error in that ruling of the trial court. See Spencer v. State, FIa.1961, 133 So.2d 729, 731, cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962), cert. denied, 372 U.S. 904, 83 S.Ct. 742, 9 L.Ed.2d 730 (1963); McCumber v. State, Fla.App.1966, 182 So.2d 627, 628. In the Spencer case the Supreme Court said: “In actuality, there is probably very little that the prosecutors themselves could have advanced which would have been any more damning of the conduct of this appellant than the gruesome evidence which was presented from the witness stand.” That statement is applicable here, where it would have been difficult for a prosecutor in this case to overcharacterize the reprehensible acts shown in the evidence, or to present the facts in a worse light than the bare disclosure of them at the trial revealed.
The appellant’s third contention claims error by the trial court in denying a motion to suppress as evidence a watch belonging to the victim husband which was found on a search made incident to the arrest, the argument as to that being that the watch was not found in the immediate vicinity and therefore the search, without a warrant, was unlawful. However, the evidence disclosed that the article was found in the same room area in which the defendant was present, and within a distance of approximately eight feet from where he was sitting, thus complying with the requirement stated in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, that such a search be limited to “the area ‘within his immediate control’—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.”
Affirmed.