342 So.2d 94 (1977)
Robert J. GROEBNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-239.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*95 Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita G. Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The defendant was found guilty by a jury of grand larceny and sentenced to serve five years in the state prison. On this appeal, he raises the question of whether he had a fair trial under the Constitution and laws of the State of Florida. We hold that he did not receive a fair trial and reverse.
The controlling question presented is whether the cumulative effect of repeated improper comments and improper questions by the assistant state attorney was such that the jury verdict may have been based upon inadmissible evidence or upon passion and prejudice. Although the trial judge tried manfully to repair the damage by sustaining objections and in some cases giving cautionary instructions to the jury, we hold that the instructions cannot, in this case, be held to have cured the errors. Cf. Barnes v. State, 58 So.2d 157 (Fla. 1951); and Adams v. State, 192 So.2d 762 (Fla. 1966).
The assistant state attorney, in opening statement, characterized the defendant as the "... most slick conartist who has operated in South Florida." A motion for mistrial was made and denied. A prosecutor may not in opening statement attack the defendant's character. See Post v. State, 315 So.2d 230 (Fla. 2d DCA 1975); and cf. Brown v. State, 284 So.2d 453 (Fla. 3d DCA 1973).
The prosecuting witness was allowed to elicit evidence of the defendant's moral character and of a specific act of misconduct which allegedly took place after the events which gave rise to the instant charge. She was allowed to testify that the defendant had struck her and also that he was excommunicated by the Mormon Church. The State was obdurate in eliciting this testimony. A motion for mistrial was made and denied. The evidence was irrelevant and prejudicial. See Mann v. State, 22 Fla. 600 (Fla. 1886); and Simmons v. Wainwright, 271 So.2d 464 (Fla. 1st DCA 1973).
In cross-examination, the assistant state attorney questioned the defendant as follows:
* * * * * *
"Q. Have you ever been convicted of a crime?
A. Yes, I have.
Q. Do you want to tell me about it?
MR. LEVY: I object to the form of that question.
THE COURT: Sustained.
BY MR. KOLSKY:
Q. Where and when?
MR. LEVY: Same objection.
THE COURT: Sustained.
Let's confer just a moment, please. (Thereupon, a side bar conference was had out of the hearing of the jury and the reporter, after which the following proceedings were had:)
BY MR. KOLSKY:
Q. How many times have you been convicted of a crime?
A. Four.

*96 MR. LEVY: Could we approach the Bench for a minute with the reporter? (Thereupon, the following proceedings were had at side bar out of the presence of the jury:)
MR. LEVY: Your Honor, I would object to the question that was asked. The Court said to rephrase and told him not to ask why and when and the circumstances of any convictions.
THE COURT: I sustained the objection.
* * * * * *
Further,
* * * * * *
"Q. I have just a few short questions, Mr. Groebner.
Did you ever try to kill your former wife by running her off the road with your car?
A. No, I did not.
Q. On how many occasions didn't you do that?"
* * * * * *
Further,
* * * * * *
Q. Isn't it a fact, Mr. Groebner, that you took that thousand dollars that you received from Morningside Pawn Brokers and gambled that money?"
* * * * * *
See Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969), as to the duty of a prosecuting attorney.
In closing argument, the assistant state attorney commented:
* * * * * *
"MR. KOLSKY: `Extortionists, venomous, burglars'  Judy Groebner and Nancy Durkee, they put him away.
* * * * * *
"A leopard never changes its spots. He has been convicted of crimes four times, and I tell you a leopard never changes its spots."
* * * * * *
The improper remarks of the prosecuting officer in this case were of such a character that neither objection nor curative instruction could entirely destroy their sinister influence.
Reversed for a new trial.