356 So.2d 67 (1978)
Nathaniel CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. FF-147.
District Court of Appeal of Florida, First District.
March 15, 1978.
Robert H. Wilson, III and James D. Swearingen of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen. and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on appeal from the judgment of the Circuit Court, Escambia County, entered on a jury verdict, finding the Defendant guilty of robbery. The conviction must be reversed and the cause remanded for a new trial due to the conduct of the prosecuting attorney in the course of his closing argument to the jury.
The prosecuting attorney in closing argument told the jury that Defendant's attorney was trying to "distort the evidence" and then stated:
"MR. RON JOHNSON: She's trying to mislead you. That's her job. She's been appointed to be the defendant's mouthpiece, and she's done it. But, remember that when you return to the jury room. It's almost criminal sometimes the extent these people go to 
MRS. PTOMEY: (Interposing) I object, Your Honor.
MR. JOHNSON: To represent these criminals.
JUDGE: Young man.
MR. JOHNSON: Yes, Your Honor.
JUDGE: You're not to reply to counsel.
MR. JOHNSON: I'm sorry, Your Honor."
[At this point the jury was excused for conference on Defendant's motion for a mistrial, and the following occurred.]
"JUDGE: It's improper. You can't comment on her morals and her actions.
MR. JOHNSON: Your Honor, I'm not commenting 
JUDGE: (Interposing) You said, `It's almost criminal sometimes the extent these people go to to defend these criminals.'
MR. JOHNSON: But I'm not accusing her of anything. I said, `almost'; I'm not saying that she is.
JUDGE: Are you saying she's almost a criminal?
MR. JOHNSON: I'm saying it's almost criminal the extent sometimes these people go to.
.....
JUDGE: I deny the motion for a mistrial, but I'm going to instruct the State Attorney to apologize and to explain to the jury that he didn't mean that the defense counsel was criminal  or almost criminal.
MR. JOHNSON: You want me to apologize to Mrs. Ptomey, to the jury 
JUDGE: (Interposing) Yes.
MR. JOHNSON: And explain to them what I meant by the argument?
JUDGE: I want to make sure the jury hears that you're not accusing her of any criminal act or almost criminal act in representing a criminal.
.....

*68 MR. JOHNSON: Gentlemen and Mrs. Stattem of the jury, His Honor has instructed me I shouldn't have been quite so rough with the young lady. I apologize to you 
MRS. PTOMEY: (Interposing) I object.
MR. JOHNSON: And I apologize to the lady 
JUDGE: (Interposing) That's all right. Go ahead. The objection is overruled.
MR. JOHNSON: And I apologize to the Court if my argument is improper in any kind of manner ...
Well, maybe I should apologize again to the defendant's lawyer that I didn't have a bunch of little people running around out there with tape measures and yard sticks trying to measure his height. ."
The public interest is ill served by conduct such as that exhibited by the prosecuting attorney in this case. The right of a person accused of a crime to be represented by counsel and to be fairly tried is basic to the concept of due process. Lack of respect for this essential requirement by an officer of the court cannot be tolerated, even at the expense of requiring a new trial. Here there is no indication in the record of any genuine effort by counsel to remedy the prejudicial effect of his attack on opposing counsel. Further, there was no effective curative instruction by the court.
Accordingly, the judgment below is REVERSED and the cause REMANDED for further proceedings consistent herewith.
BOYER, Acting C.J., and MILLS and BOOTH, JJ., concur.