367 So.2d 714 (1979)
Jerome SHARP and Muriel Sharp, Appellants,
v.
Saul Benjamin LEWIS, Leonard Lewis, Myrth Lewis and Travelers Insurance Company, Appellees.
No. 78-461.
District Court of Appeal of Florida, Third District.
February 20, 1979.
Tobin & Thomson and Arthur M. Handel, Coral Gables, for appellants.
High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for appellees.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
Jerome and Muriel Sharp, plaintiffs and third party defendants, appeal a final judgment upon a jury verdict by which the Sharps, as plaintiffs, were denied recovery and the third party plaintiff, Leonard Lewis, recovered from the Sharps the sum of $5,000.
*715 Eight points are presented on appeal, all of which deal with rulings by the trial judge made during the course of the trial. Points one and two claim error in denying a motion for a mistrial. Points three, four, five, six and eight claim error in the denial of the motion for a new trial. Point seven claims a mistrial or, in the alternative, a new trial. We have examined the record in the light of the claim of error for the denial of the motion for a mistrial and find that in each instance, no reversible error is shown under the rule stated in American Express Company v. Juhasz, 281 So.2d 244 (Fla. 3d DCA 1973). See also Dukes v. Pinder, 211 So.2d 575 (Fla. 3d DCA 1968).
The errors complained of as a basis for a new trial do not present reversible error because the questioned remarks were either a result of invited error, see Compania Dominicana de Aviacion v. Caribbean Mercantile Export Corporation, 218 So.2d 523 (Fla. 3d DCA 1969), or were not of sufficient import in the trial of this case to constitute grounds for a new trial.
Appellants' objection to remarks of opposing counsel in closing argument that are alleged to constitute a Golden Rule argument have been examined and found not to constitute such a forbidden argument. Denial of objections to other remarks does not constitute reversible error under Watkins v. Sims, 81 Fla. 730, 88 So. 764, 767 (1921).
We have considered the cumulative effect of the various errors charged. It appears to this court that counsel for the parties were responsible for many improper references made before the jury to non-evidentiary matters. However, the court required the parties to try the issues presented and fully instructed the jury on the applicable law. The verdict is supported by the evidence and does not appear to have been induced by passion or prejudice.
Although we find that the jury was not unduly influenced by the cumulative effect of the various comments of counsel, we are, nonetheless, always mindful of the dangers of cumulative error and, accordingly, we are disposed to discuss briefly some of the factors that appellate courts consider when such allegations are raised on appeal. In general, reversible error from comments of counsel may appear in various ways. Among these are: (1) Comments of counsel that, per se, give rise to reversible error. See Clark v. State, 363 So.2d 331, 334 (Fla. 1978). (2) Comments of counsel that give rise to reversible error because their very utterance has such a profound effect upon the trial, under the circumstances of the case, that an appellate court is unable to find an adequate basis in the record to assure itself that there was a fair trial. See Pait v. State, 112 So.2d 380, 384 (Fla. 1959); and Tampa Transit Lines, Inc. v. Corbin, 62 So.2d 10 (Fla. 1952). (3) Cumulative comments of counsel which, when viewed together in light of the record, give rise to reversible error. See Seaboard Air Line Railroad Company v. Ford, 92 So.2d 160, 165 (Fla. 1956); Seaboard Air Line Railroad Company v. Strickland, 88 So.2d 519, 523 (Fla. 1956); Noeling v. State, 40 So.2d 120 (Fla. 1949); and Glantz v. State, 343 So.2d 88 (Fla. 3d DCA 1977). However, a review of the record in the present case does not bring the questioned comments within any of these categories.
We, therefore, hold that the appellants have not shown the absence of a fair trial under the doctrine stated in Seaboard Air Line Railroad Company v. Strickland, 88 So.2d 519 (Fla. 1956). And see Noeling v. State, 40 So.2d 120 (Fla. 1949).
Affirmed.
PEARSON, Judge (concurring specially).
I fully concur with everything stated in the court's opinion. However, with regard to the categories of reversible error based on comments of counsel, I would elaborate on the cumulative error category.
There are, I believe, at least two sub-categories of error arising under the cumulative error heading that are worthy of discussion and which may be referred to as: (a) "shot gun" cumulative, reversible error and (b) "machine gun" cumulative, reversible error. The first of these, "shot gun" *716 error, is simply a series of errors that may be of various types or concern various aspects of the trial, but which (for the most part) take place within a short period of time and which, like the simultaneously-fired pellets from a shot gun, cause their damage not necessarily from the effect of any one pellet but from the combined effect of all the pellets over one specific area of the target. See Barnes v. State, 58 So.2d 157 (Fla. 1951); and Groebner v. State, 342 So.2d 94 (Fla.3d DCA 1977). In this case, however, the allegedly cumulative errors, as a whole, took place at various times throughout the four-day trial and were not concentrated in any one time period. The second sub-category, "machine gun" error, is simply a series of errors that may well have taken place over a long period of time but which, when viewed from afar, vis-a-vis one another, provide a picture or design, much like the perforated design of the bullets of a machine gun on its target. See Chapman v. California, 386 U.S. 18, 24-26, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967),[1] and Groebner v. State, 342 So.2d 94 (Fla.3d DCA 1977).[2] In this regard, reversible error may arise where the objectionable comments, though dispersed throughout a long trial, are so strategically placed that their cumulative effect upon the jury can be seen from a reading of the entire record. However, no such reversible error exists in the present case, where the allegedly cumulative errors, in the context of the record, are no more than randomly-shot bullets providing no particular design.
NOTES
[1] Note the somewhat variant use of the expression "machine gun" at 386 U.S. 26, 87 S.Ct. 824.
[2] Note the examples of both "shot gun" and "machine gun" error in this case.