395 So.2d 566 (1981)
Armodio RUIZ, a/k/a Roberto Puig, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2416.
District Court of Appeal of Florida, Third District.
February 24, 1981.
Rehearing Denied April 8, 1981.
Bennett H. Brummer, Public Defender and Michael Zelman, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
Armodio Ruiz was charged by information with carrying a concealed firearm and possession of a firearm by a convicted felon in violation of Sections 790.01 and 790.23, Florida Statutes (1977). Ruiz appeals a jury conviction on both counts claiming lack of fair trial.
The controlling question for review is whether a curative instruction to the jury assured Ruiz of a fair trial by sufficiently dispelling the prejudicial effect of certain remarks made by the prosecutor in his opening statement. We find that it did not.
Ruiz was arrested for not having a valid driver's license after the truck which he had been driving struck a parked vehicle. Ruiz's brother was a passenger in the truck. The police officer found a loaded .357 magnum under the driver's seat and a pistol under the passenger's seat.
In the opening argument to the jury the prosecutor stated:
"[Ruiz] was placed under arrest for two items; one was no valid driver's license because he did not show a driver's license to the police officer when he was asked to produce one. In fact, at this particular point, the defendant gave his name as *567 Jose Rodriguez and subsequently, after running a vehicle check on the tag, he was placed under arrest for auto theft because the truck was reported stolen."
Ruiz objected to the statement of arrest for auto theft and moved for mistrial pursuant to Fla.R.Crim.P. 3.600(b). The court denied the motion but instructed the jury to disregard the statement:
"THE COURT: Ladies and Gentlemen of the Jury, this defendant is only on trial for the crimes charged in the Information.
As the attorneys stated and as the Court earlier stated, what the attorneys are saying now in their opening statements are not evidence and it is not to be considered by you in arriving at a verdict. Any reference to the ownership of the automobile in question is really not a matter for your consideration and it is not relevant to this case.
Can each and every one of you set aside that matter, put it out of your mind, in accordance with my instructions?
Will you all be able to do that? I see that each of you are shaking your heads in the affirmative."
Ruiz moved for mistrial subsequent to this instruction and repeated the motion at the close of the state's case and at the close of all evidence. The court denied each motion.
It is settled Florida law that a new trial may be ordered if a court's instruction to the jury fails to dispel the likelihood that statements made by a prosecutor will prejudice the jury in its duty to presume the defendant innocent and to weigh impartially the evidence. Oglesby v. State, 156 Fla. 481, 23 So.2d 558 (1945); Thorpe v. State, 350 So.2d 552 (Fla. 1st DCA 1977); Groebner v. State, 342 So.2d 94 (Fla. 3d DCA 1977). See, e.g., Glassman v. State, 377 So.2d 208 (Fla. 3d DCA 1979) and cases cited therein.
In the present case, we find the court's instruction did not assure Ruiz of a fair trial. The court's statement that Ruiz was on trial only for crimes in the information and the request that the jury disregard the prosecutor's statement that Ruiz had been arrested for driving a vehicle reported stolen failed to destroy the likelihood of jury prejudice against Ruiz. Oglesby, supra.
Reversed and remanded for a new trial.