421 So.2d 15 (1982)
Mark JACKSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1729.
District Court of Appeal of Florida, Third District.
October 5, 1982.
Rehearing Denied November 17, 1982.
Bennett H. Brummer, Public Defender and Robert A. Smoley and Jeff Grate, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and John F. Robenalt and Penny Hershoff, Asst. Attys. Gen., for appellee.
Before HENDRY and SCHWARTZ, JJ., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge.
SCHWARTZ, Judge.
The prosecutor's personal attacks upon defense counsel during final argument  which reached their apogee (or nadir) when the jurors were asked whether they would buy a used car from him  were, as is now acknowledged by the state, utterly and grossly improper.[1]Adams v. State, *16 192 So.2d 762 (Fla. 1966); Carter v. State, 356 So.2d 67 (Fla. 1st DCA 1978); Reed v. State, 333 So.2d 524 (Fla. 1st DCA 1976); see Peterson v. State, 376 So.2d 1230, 1233 (Fla. 4th DCA 1979). While the prejudicial effect of these remarks might have been dissipated if, as required, the trial judge had emphatically rebuked the state attorney and affirmatively instructed the jury that the comments must be totally disregarded, Deas v. State, 119 Fla. 839, 161 So. 729, 731 (1935), in fact, he either merely told counsel to "comment on the evidence," but see Harper v. State, 411 So.2d 235, 236-37 (Fla. 3d DCA 1982); Peterson v. State, supra, 376 So.2d at 1233 n. 2; Price v. State, 267 So.2d 39, 40 n. 1 (Fla. 4th DCA 1972), or, in the case of the "used car salesman" remark which was the worst of all, actually overruled the objection.[2] In these circumstances, we must conclude that the defendant's fundamental right to a fair trial may be upheld only by ordering a new one. Oglesby v. State, 156 Fla. 481, 23 So.2d 558 (1945); Ruiz v. State, 395 So.2d 566 (Fla. 3d DCA 1981), and cases cited; Carter v. State, supra.
We choose to employ this decision to discuss the broader, very serious problem it exemplifies. For some time, this court has been faced with a veritable torrent of cases which have similarly involved significant prosecutorial improprieties committed by assistant state attorneys in this district. E.g., Chapman v. State, 417 So.2d 1028 (Fla. 3d DCA 1982); Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982); Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982); Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982); Harper v. State, supra; McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982); Ruiz v. State, supra; Porter v. State, 386 So.2d 1209, 1213-14 (Fla. 3d DCA 1980); Glassman v. State, 377 So.2d 208 (Fla. 3d DCA 1979). The volume of these cases  including multiple acts of misconduct by particular prosecutors[3]  is so great that we can no longer believe that they represent merely isolated examples of understandable, if inexcusable, overzealousness in the heat of trial. Instead, we must suspect, however reluctantly, that the improprieties may be deliberately calculated to accomplish just what representatives of the state cannot be permitted  inducing a jury to convict by unfairly prejudicing it against the defendant. It is obvious that this pattern of conduct cannot be tolerated. It is just as apparent, and just as distressing, however, that our prior efforts to eliminate the practice have proven entirely inadequate. Cf. United States v. Modica, 663 F.2d 1173 (2d Cir.1981). Strong admonitions, such as those administered in Harris, Harper, and Porter, supra, obviously do no good. Even repeated reversals on the basis of prosecutorial impropriety have apparently not achieved this result.[4] Since reliance upon an adherence  enforced either by self-discipline or that of their superiors  to the obligations imposed upon assistant state attorneys by their oaths, special provisions of the Code of Professional Responsibility,[5] and *17 numerous decisions of our supreme court, e.g., Grant v. State, 194 So.2d 612 (Fla. 1967); Adams v. State, supra; Pait v. State, 112 So.2d 380 (Fla. 1959), has also proven unavailing, we are compelled to point out that prosecutors are also members of the Bar, bound by the same rules[6] and the same disciplinary process which apply to all lawyers. Accordingly, we serve notice that in each instance of prosecutorial misconduct which comes to our attention this court shall determine if it is appropriate to invoke the relevant procedures of the Florida Bar, whether by simply calling the matter to its attention for further investigation, see Fla. Bar Integr. Rule, art. XI, Rule 11.14(9), or by ourselves requiring the direct filing of a motion in the circuit court to discipline the attorney in question. Fla. Bar Integr. Rule, art. XI, Rule 11.14(1).
Because of the prosecutor's prejudicial misconduct, the judgment below is
Reversed and remanded for a new trial.[7]
NOTES
[1] At the commencement of the assistant state attorney's rebuttal argument the following occurred:

MR. MANN: Ladies and gentlemen of the jury, there are only four words missing from Mr. Smoley's unbelievable summation. There are only four words missing: Once upon a time.
He is telling you a story. He even said, `Even if I said I was a State Attorney to Loula.'
Would you buy a used car from this guy, ladies and gentlemen of the jury?
MR. SMOLEY: I object, Your Honor, and move to strike that statement as to pointing out to the jury whether they would buy a used car from me.
THE COURT: Folks, objection overruled. Sit down. Continue. [e.s.]
Later, in another example of this approach, the prosecutor called the lawyer a "cheap shot artist." The trial court responded to an immediate objection by stating only, "Your objection is noted. Comment on the evidence, please."
[2] Id.
[3] Not the one involved in this case.
[4] This may be  although we are loath even to consider the possibility  because some prosecutors believe that keeping a convicted defendant in prison during the sometimes lengthy appellate process is enough to chalk up a "win" even if the conviction is later reversed.
[5] Fla.Bar Code Prof.Resp.:

EC 7-13 The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. The special duty exists because:
(1) the prosecutor represents the sovereign and therefore should use restraint in the discretionary exercise of governmental powers, such as in the selection of cases to prosecute;
(2) during trial the prosecutor is not only an advocate but he also may make decisions normally made by an individual client, and those affecting the public interest should be fair to all; and (3) in our system of criminal justice the accused is to be given the benefit of all reasonable doubts. With respect to evidence and witnesses, the prosecutor has responsibilities different from those of a lawyer in private practice: the prosecutor should make timely disclosure to the defense of available evidence, known to him, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. Further, a prosecutor should not intentionally avoid pursuit of evidence merely because he believes it will damage the prosecution's case or aid the accused.
[6] Fla.Bar Code Prof.Resp.:

EC 7-36 Judicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of proceedings. While maintaining his independence, a lawyer should be respectful, courteous, and aboveboard in his relations with a judge or hearing officer before whom he appears. He should avoid undue solicitude for the comfort or convenience of judge or jury and should avoid any other conduct calculated to gain special consideration.
EC 7-37 In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer in his conduct, attitude, and demeanor toward opposing lawyers. A lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our legal system.
DR 7-106 Trial Conduct.
(A) A lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but he may take appropriate steps in good faith to test the validity of such rule or ruling.
(B) In presenting a matter to a tribunal, a lawyer shall disclose:
(1) Legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel.
(2) Unless privileged or irrelevant, the identities of the clients he represents and of the person who employed him.
(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
(1) State or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.
(2) Ask any question that he has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person.
(3) Assert his personal knowledge of the facts in issue, except when testifying as a witness.
(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.
(5) Fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of his intent not to comply.
(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.
(7) Intentionally or habitually violate any established rule of procedure or of evidence.
[7] We find no error in the exclusion of hearsay testimony that another person had admitted committing the crime of which Jackson was accused, because the defense did not proffer below "corroborating circumstances [to] show the trustworthiness of the statement" as is required to justify admissibility under Sec. 90.804(2)(c), Fla. Stat. (1981). This ruling does not preclude Jackson from establishing the proper predicate, if he can, at the new trial.

Since they are unlikely to recur, we do not discuss the other issues raised in this appeal.