420 So.2d 354 (1982)
Eddie Lee COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1365.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
*355 James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
This appeal concerns the propriety of the trial court's denial of a defense motion for mistrial based upon comments made in closing argument by the prosecution.
The defendant, Eddie Lee Coleman, was charged with robbery with a firearm. The only evidence at trial against the defendant was the testimony of and eyewitness identification by one Patricia Chavis, the victim of the robbery at a convenience store in Eustis. The defendant testified in regard to an alibi defense, but had no corroborating witnesses. In other words, it was a one-on-one factual dispute for jury resolution.
In the prosecutor's comments during closing argument, he stated:
But let's get back to Patricia Chavis' description. Her description was good enough when it was sent over a BOLO for the Belle Glade Police Department to pick him up.
This statement was unsupported by any evidence. Moreover, it was untrue since Coleman had been arrested by a Belle Glade police officer for an unrelated offense. The defendant claims that the comment gave unwarranted support to the reliability of the victim's identification, which was the key issue in the case. The court noted that there was no evidence at all presented as to why the defendant was picked up, and denied *356 the motion, while entering a cautionary instruction stating that if there is a difference between the facts as remembered by the jury and those presented by counsel, the jury was to go by what they personally remembered.
It is the duty of the trial court to check improper remarks of counsel to the jury and by proper instructions remove any prejudicial effects such remarks may have created. Carlile v. State, 129 Fla. 860, 176 So. 862 (Fla. 1937). Improper comments made by trial counsel warranting a mistrial must be so fundamentally tainted that neither an objection nor retraction could entirely destroy their sinister influence. Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 420 (Fla. 1977). Here, a cautionary instruction was given, and presumably such a directive by the trial court would be sufficient to vitiate any harm the improper comment would have done. However, whether such improper comments constitute harmful error must be determined by consideration of their effect when viewed in context with other circumstances appearing in the record. McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982). In looking at the entire record, even in the presence of a rebuke to the comment, if an improper remark can still be said to be prejudicial to the right of the accused it must be considered as grounds for reversal. Pait v. State, 112 So.2d 380 (Fla. 1959). The key question in determining proper review of an improper argument is whether or not the court can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion be reached, the judgment should be reversed. McCall v. State, 120 Fla. 707, 163 So. 38 (Fla. 1935).
Here, the statement that the victim's identification was good enough to allow the police to pick up the suspect cannot be said to be without prejudice to the defendant. Since the testimony of Chavis as to the identification of the robber was the sole evidence presented at trial, any additional credibility given to it is of great importance. When the key issue in the case is one of the victim's ability to identify the defendant, the fact that her identification was sufficient to allow police in another town to pick up the defendant adds to her credibility in that if the description was that sufficient, she must have had a very good recollection of events, thereby bolstering any further identification she made. It cannot be said that the error was harmless in that the improper comment did not in any way contribute to the defendant's conviction. Clearly, there was reasonable doubt presented on the issue of whether this statement contributed to the conviction; therefore, a reversal is required. See McMillian v. State; Glantz v. State, 343 So.2d 88 (Fla. 3d DCA 1977). The judge's instruction telling the jury to disregard the statement of the prosecutor and to rely upon the testimony presented is of little help here, since there was no evidence presented as to why the defendant was arrested. Therefore, the only information presented to the jury on this issue was the improper comment by the prosecution.
REVERSED and REMANDED FOR NEW TRIAL.
ORFINGER, C.J., and DAUKSCH, J., concur.