SHARP, Judge,
dissenting.
Gallon’s defense was that he was set up by the Orange County undercover agents. He never intended to sell them any drugs, and he merely called Stevens or Burns to satisfy his curiosity. He testified he did not give Stevens a sample of hashish while they were alone together in his house. The linchpin of the case was Gallon’s credibility as opposed to Stevens’.
During closing argument the prosecutor made the following statements:
Mr. Leitch is going to get up there and tell you all that the evidence in the case supports Mr. Gallon’s story. What do you expect him to tell you, he’s Mr. Gallon’s attorney, not going to come in and say, ‘the state proved their case on this one send my client to jail.’
If Mr. Leitch expects you to believe the defense in this case, he expects you to believe in the Easter Bunny.
At this point defense counsel objected and moved for a mistrial, which was denied by the trial court.
*476 Although wide latitude is accorded the prosecutor during closing argument,[1] it is improper for him to express his personal belief as to the credibility of a witness.[2] In this case the prosecutor’s comments also disparaged the integrity of opposing counsel, which may also be grounds for reversal.[3]
Not all improper comments automatically result in reversal. As stated recently by the Florida Supreme Court,
prosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless.... The appropriate test for whether the error is prejudicial is the ‘harmless error’ rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny.
State v. Murray, 443 So.2d 955, 956 (Fla.1984). In Chapman, the United States Supreme Court stated that the test for determining whether harmful or reversible error has occurred is “ ‘whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.’ ” 386 U.S. at 23, 87 S.Ct. at 827 (quoting Fahy v. Connecticut, 375 U.S. 85, 87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963)). The test as explained in the majority opinion is far too stringent. Only the rarest of cases would merit reversal if it were literally applied.
Chapman is consistent with the traditional rule evolved by Florida courts that unless the reviewing court can determine from the record that the improper remarks of the prosecutor did not prejudice the accused, the judgment must be reversed. Pait v. State, 112 So.2d 380 (Fla.1959); see Chapman, 386 U.S. at 24, 87 S.Ct. at 828. The effect of a prosecutor’s remarks must be considered in context with the other circumstances appearing in the record. Coleman v. State, 420 So.2d 354 (Fla. 5th DCA 1982); see also Bayshore v. State, 437 So.2d 198 (Fla. 3d DCA 1983); Miller v. State, 435 So.2d 258 (Fla. 3d DCA 1983).
In this case, Gallon’s credibility as opposed to Stevens’ was the key factor. There was no other direct evidence against Gallon. Under these circumstances, the prosecutor’s belittling of defense counsel and his statement which implied that Gallon’s defense was incredible may have influenced the jury’s verdict. In any event, I cannot say beyond a reasonable possibility that the prosecutor’s comments did not contribute to Gallon’s conviction. Coleman. I would reverse.

. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982).

. Jones v. State, 449 So.2d 313 (Fla. 5th DCA 1984); see also United States v. Rodriguez, 585 F.2d 1234 (5th Cir.1978), aff'd sub. nom. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982); Fla.Bar Code Prof.Resp., D.R. 7-106(c)(4).

.See Adams v. State, 192 So.2d 762 (Fla.1966) (defense counsel "has no business being a lawyer if he hadn’t talked with her”); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982) (“would you buy a used car from this guy?”); Carter v. State, 356 So.2d 67 (Fla. 1st DCA 1978) (“it’s almost criminal sometimes the extent these people go ... to represent these criminals’’); Simpson v. State, 352 So.2d 125 (Fla. 1st DCA 1977) ("one of the favorite tricks of a defense lawyer”).