PER CURIAM.
Elgin Sweeper Company, defendant below, appeals from two final orders: one for damages and one taxing costs. We reverse.
Manuel Tejada, an employee of the City of Miami, was injured while operating a street sweeper manufactured by Elgin. He sued Elgin for strict liability in tort and negligent design. The jury returned a verdict for Te-jada; Elgin appeals and raises four issues. Two of the issues concern comments made by Tejada’s counsel during witness examination and closing argument, one concerns the admission of evidence of prior similar accidents, and the final issue involves the trial court’s exclusion of one of Elgin’s expert witnesses.
Although none of the four issues alone would be sufficient, we find that the cumulative effect requires a new trial. See Del Monte Banana Co. v. Chacon, 466 So.2d 1167, 1175 (Fla. 3d DCA 1985)(“Although the points raised herein may present close questions on each individual issue, we find that the cumulative impact of plaintiffs counsel’s complained-of actions at trial clearly mandates reversal in this cause.”); Sharp v. Lewis, 367 So.2d 714, 715 (Fla. 3d DCA 1979)(dis-cussing some of the factors considered by appellate courts as to various comments of counsel and noting that cumulative comments, viewed in light of the record, can give rise to reversible error).
Reversed and remanded for a new trial.