ETHEL GRADY v. STATE.
176 So. 431.
Opinion Filed October 14, 1937.

*Charles A. Savage, Jr.,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—On June 12, 1936, plaintiff in error was tried and convicted of manslaughter in the Circuit Court of Marion County, Florida, and sentenced for a period of two years in the State Prison of Florida. On writ of error to this Court it is insisted that error accrued during the progress of the trial on the part of the State Attorney when the following occurred:

"Q. Have you ever been convicted of any offense?

"A. I have not, so help me God.

"BY MR. SAVAGE: I object to the question, and move to strike the answer because the question may include misdemeanors.

"By Mr. Hunter: I will withdraw the question, and bring in the records.

"By The Court: And the answer is stricken.

"By Mr. Savage: I object to the remark of the State's Attorney that he will bring in the records.

"By The Court: That is improper. The question has been withdrawn and the answer is stricken; that is entirely out of the picture. All questions about other crimes or convictions has nothing to do with this case at all."

It is fundamental that the burden of establishing defendant's guilt rests with the prosecution, the presumption of innocence accompanies the defendant during each step of the trial. We feel that these rules should be scrupulously observed. We believe the prosecuting officer in the above remarks invaded the legal rights of this defendant. It is admitted by attorneys participating in this cause that error was committed and present citation of authorities to show that the trial court corrected this error by instructing the jury to disregard these statements. It is an attractive theory and a lofty conclusion to assume that the court by its remarks cured this error, but to this we cannot agree. The influence of this improper remark is reflected in the verdict found and that no human agency could remove the effect thereof from the minds of the jury when it was deliberating upon its verdict.

There is a sharp conflict in the evidence about defendant being under the influence of whiskey at the time of the accident. Defendant produced some witnesses who testified that within a short time prior to the accident, she had not been drinking, while the officers at the scene of the *locus in quo* testified that they smelled whiskey on her breath and knew it was not the odor of beer, but could not name the particular make or brand of whiskey, that she could not

walk straight when placed in jail, and shortly thereafter called for coffee. This conflict could be reconciled by assuming she obtained whiskey after leaving defendant's witnesses and prior to the accident, and this construction would permit each group of witnesses to speak truthfully.

While the car defendant was driving had signs of a collision alleged to have been caused by striking deceased as he walked near the pavement, knocking him approximately 25 feet and breaking his legs, and the undertaker gave as his opinion the cause of death, this impact. While drivers of automobiles have legal duties to observe in the operation of cars on the highways, likewise pedestrians traveling on or near these highways, have certain legal duties and obligations to observe for their own preservation. If the deceased and associates had traveled the opposite side of the highway when and where the accident occurred, they could have seen approaching cars, and cars traveling the highway from their rear would have been several feet to their right.

This defendant remained at the scene of the accident and rendered every possible assistance. She proposed medical help to the injured and her nervousness was not observed prior to the arrival of the officers. No whiskey or other intoxicants were found on her person or about the car she was driving. We feel that the ends of justice will be best subserved by granting the defendant below another trial. The judgment is hereby reversed and a new trial granted.

ELLIS, C. J., and TERRELL and BROWN, J. J., concur.

WHITFIELD and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—Plaintiff in error was convicted of manslaughter under a count in an information charging manslaughter under the provisions of Section 5563 R. G. S., 7749 C. G. L.

Plaintiff in error presents two questions for our consideration as follows:

"Is the evidence in this case sufficient to sustain the verdict of the jury?"

"Does it constitute reversible error for the State's Attorney to make a statement before the jury that he guessed he would have to produce the records (meaning records of previous convictions of defendant) when no such records existed and the defendant had never been convicted of any crime?"

The record contains ample evidence to sustain the verdict and judgment. That the jury believed the evidence instead of that which was contradictory to it is evidenced by the verdict. That the trial court approved the result reached by the jury is evidenced by the order denying new trial. There is nothing to indicate that the jury was not governed by the evidence. We should not, under the state of the record here, reverse the judgment because of insufficiency of the evidence. Robinson v. State, 69 Fla. 521, 68 Sou. 649; Broxson v. State, 99 Fla. 1187, 128 Sou. 628, and authorities there cited.

The second question is based on matters which occurred in the course of the trial when Mrs. Grady was on the stand as a witness in her own behalf, as follows:

"Q. Have you ever been convicted of any offense?

"A. I have not, so help me God.

"By Mr. Savage: I object to the question, and move to strike the answer because the question may include misdemeanors.

"By Mr. Hunter: I will withdraw the question, and bring in the records.

"By The Court: And the answer is stricken.

"By Mr. Savage: I object to the remark of the State's Attorney that he will bring in the records.

"By The Court: That is improper. The question has been withdrawn and the answer stricken; that is entirely out of the picture. All questions about other crimes or convictions has nothing to do with this case at all."

The statement made by the State's Attorney and objected to was improper, but it was not of such a nature as to probably lead to a miscarriage of justice or to prejudice the defendant. Aside from this, it is apparent that the irregularity was immediately cured by the action of the trial court, as shown by above quotations from the record. The rule in this regard is stated in Wall v. Little, 102 Fla. 1015, 136 Sou. 676, and is supported by many authorities there cited, as follows:

"When improper evidence is elicited or when evidence is volunteered, or when improper conduct on the part of attorneys occurs, the charge of the trial court directing the jury to disregard such testimony, or such conduct cures the error and corrects the irregularity."

So I think the judgment should be affirmed.

Whitfield, J., concurs.