TERRELL, Justice.
D. L. Sanders was indicted and tried for murder in the first degree. There was a mistrial and the second trial resulted in a conviction of manslaughter. A new trial was denied, defendant was sentenced to twelve years in the state penitentiary and has appealed from that judgment. There was a motion to quash the jury panel and a motion to strike, which will be treated later.
It is first contended that the conviction of manslaughter should be reversed because the evidence and the law as charged by the court permitted no verdict other than murder in the first degree or justifiable homicide.
Dennis v. State, 17 Fla. 389, is relied on to support this contention but we do not think it relevant to the case at bar. It involved a charge of perjury, there was no evidence offered by defendant and the court found that the evidence presented by the State proved defendant to be innocent. In this case appellant was charged with murder in the first degree. Such a charge comprehends all other degrees of homicide. The jury was warranted in returning a verdict for one of the lesser degrees of homicide.
It is true that the jury should conform its verdict to the evidence and the law of the case, as charged by the court, but this principle is controlled by the credibility and probative force of the evidence which is for determination of the jury. We find it unnecessary to discuss the evidence except to say that it was not only ample to support a verdict of manslaughter, but would have supported a much higher degree of homicide. Likewise we find nothing wrong with the charge of the court. It correctly defined the different degrees of homicide and was not contrary to the governing law.
 It is next contended that the court committed error in refusing defendant’s requested charge 32, with reference to who provoked the first assault. There is no merit to this contention. In the first place the requested charge was fully covered in the general charge and then we find no showing in the record of an assignment on the court’s refusal to give the charge.
It is next contended that the trial court committed error in permitting one of the jurors to remain on the panel who returned a negative answer to the question: “Has any member of your family ever been involved in a gun fight ? ”
The alleged vice of this question consisted in the fact that said juror’s uncle had been killed as a result of a pistol wound. By stipulated supplement to the record it now appears that this question was before the court.
The supplement to the record shows that the juror had an uncle who was killed in a gun battle but the incident was remote from the case at hand, is not'shown to have any rational connection with this case or that the fact in any way prejudiced the juror’s decision. There were twelve jurors on the panel and the evidence was ample to support the judgment. Since this is the case, any undisclosed errefr that may have occurred was to the advantage of appellant.
The only other question presented has to do with whether of not the court committed error in holding that in law the County Commissioners' were required to make up the jury list as required by Chapter 40, Florida Statutes 1951, F.S.A., instead’of Chapters 14696 and 14698, Acts of 1931.
As originally enacted Chapters 14696 a'nd 14698 were local acts applicable to a single county when enacted. It is true that other counties could by ■ increase in population grow into the classification. Said acts are now more than 20 years old and it is contended that Bay County has reached the classification created by them, but in reality Chapter 40, Florida Statutes 1951, F.S.A., and its predecessors have for many years been the general law governing the selection and empanelling of trial juries. It has been generally followed, was followed in this case and there is no showing that appellant was not tried by a fair and impartial'jury: That is’ all he is entitled to. Under the facts of this case the principle that local laws of general application may control over'conflicting general laws, passed prior or subsequent to the general law, has no application. ’'
*294 Other questions raised have been considered but we find no reversible error so the judgment appealed, from is affirmed.
Affirmed.
ROBERTS, C. J., and THOMAS, SE-BRING, MATHEWS and DREW, JJ., and PATTERSON, Associate Justice, concur.