377 So.2d 208 (1979)
Paul S. GLASSMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1340.
District Court of Appeal of Florida, Third District.
November 13, 1979.
Rehearing Denied December 13, 1979.
*209 Pearson, Josefsberg & Tarre, P.A., and Bruce S. Rogow, Miami, Alan E. Weinstein, Miami Beach, for appellant.
Jim Smith, Atty. Gen. and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
HUBBART, Judge.
This is a criminal prosecution for grand larceny and conspiracy against a physician based on an alleged insurance fraud scheme brought in the Circuit Court for the Eleventh Judicial Circuit of Florida. The evidence at trial established without dispute that such a scheme was formed among several people involving a staged automobile accident, feigned injuries, and a subsequent claim and collection of monies from several insurance companies based on this fraudulent claim. The evidence is in sharp conflict, however, as to whether the defendant Dr. Paul S. Glassman, as a physician, was a part of this scheme. The jury elected to believe the state's evidence, which implicated the defendant in the scheme, and to reject the defendant's testimony disavowing any criminal involvement. The defendant was, accordingly, convicted on the grand larceny counts and acquitted on the conspiracy count. Following the pronouncement of sentence by the trial court, the defendant has taken this appeal.
The defendant contends that the prosecuting attorney at trial made a series of improper arguments and comments throughout the trial of the cause which deprived the defendant of a fair trial. Accordingly, the defendant contends that the trial court committed reversible error in denying the defendant's repeated motions for mistrial and the defendant's post-trial motion for a new trial based on such improper argument. We agree and reverse and remand for a new trial.
*210 At the outset of the trial, during opening statement to the jury, the prosecutor characterized the defendant as engaging in "highway robbery in a white collar." A defense objection to this comment was sustained. The prosecutor followed this comment by asserting that the insurance claim forms submitted by the defendant in this case contained "perjuries." A defense objection to this comment was overruled. The prosecutor ended his opening statement by stating that the evidence would show "beyond any doubt that this man [the defendant] had a mill he was running." A defense objection to his comment was sustained. The defendant thereupon moved for a mistrial based on each of the above comments, which motion was denied.
In closing argument to the jury, the prosecuting attorney, in referring to the defendant, stated as follows:
[PROSECUTING ATTORNEY]: "He is an expert. He has testified in thousands of courts. He told you he has been in court before.
[DEFENSE COUNSEL]: Objection.
THE COURT: Overruled.
[PROSECUTING ATTORNEY]: He testified in court as an expert. He has been an expert. He has knowledge about insurance, injuries, all the time trauma, and the juries believe it and pay through the nose.

[DEFENSE COUNSEL]: Objection.
THE COURT: Sustained." [emphasis added]
And in commenting on the defendant's trial testimony and medical practice in general, the prosecutor stated as follows:
[PROSECUTING ATTORNEY]: "Well, he testified all right. Nothing to lose by testifying. His story was perfect.
There was only one thing that was missing in that story, and that was at the very beginning it should have said, `Once upon a time,' because the story is a fairy tale. Disney World is where it happened.
The Bovedas went to Disney World. This is the Disney World at Southwest 22nd and 6th under the name of Medical Arts and where he has his mill  Donald Duck  quack, quack.

[DEFENSE COUNSEL]: Objection, Your Honor.
THE COURT: Sustained.
[DEFENSE COUNSEL]: Move to strike.
I have motions to make.
THE COURT: Motion is denied." [emphasis added]
The defendant again moved for a mistrial at the conclusion of the prosecutor's closing argument based upon the above comments, which motion was denied. The trial court also denied a timely motion for new trial based on each of the above comments by the prosecutor.
Our review of the record reveals no evidence to support any of the above comments. The evidence at best establishes one incident of insurance fraud involving the defendant, not a series of such incidents. In no sense was the prosecutor justified in characterizing the defendant's medical practice as a "mill," or "highway robbery in a white collar," or as "the Disney World at Southwest 22nd and 6th under the name of Medical Arts and where he has his mill  Donald Duck  quack, quack." Nor is there any evidence that "juries pay through the nose" based on the defendant's testimony in court in prior negligence cases. As to "perjuries" attributed to the defendant contained in the insurance form claims filed in this case, the evidence is undisputed that the defendant never signed any of these forms, and in any event, the answers contained therein were never sworn to and could not therefore be perjuries. Finally, the pejorative language employed by the prosecutor, particularly in the last comment complained of in his closing argument, can only be described as embarrassingly unprofessional. Fla.Bar Code Prof.Resp., D.R. 7-106(C)(6).
The law in Florida is clear that it is reversible error for a prosecuting attorney to argue to the jury that the defendant has committed other crimes in the past, in addition to the crime for which the defendant is on trial, when there is no evidence before the jury to support this assertion. Oglesby *211 v. State, 156 Fla. 481, 23 So.2d 558 (1945); Simmons v. State, 139 Fla. 645, 190 So. 756 (1939); Grady v. State, 129 Fla. 416, 176 So. 431 (1937); Akin v. State, 86 Fla. 564, 98 So. 609 (1923); Fitzgerald v. State, 227 So.2d 45 (Fla. 3d DCA 1969); Ailer v. State, 114 So.2d 348 (Fla. 2d DCA 1959); Gonzalez v. State, 97 So.2d 127 (Fla. 2d DCA 1957). We perceive these cases to rest upon sound ground as no defendant can get a fair trial when the state's representative in the courtroom, based on no evidence, accuses the defendant before the jury of crimes for which he is not on trial. The jury is bound to be inflamed against the defendant, placing its trust as it should on the word of the state's officer in the courtroom. The jury is bound to conclude that there is other evidence of which the prosecutor is aware which shows that the defendant is guilty of other crimes. As such, the ensuing verdict is bound to rest on highly incriminating alleged "facts" which are not a part of the record and, accordingly, such a verdict cannot stand.
In the instant case, the prosecuting attorney's comments implied, if not directly stated, that the defendant was guilty of a whole series of criminal offenses for which the defendant was not on trial. He repeatedly accused the defendant of making a living in his medical practice by submitting and collecting on false insurance claims. There was not one scintilla of evidence to support such a charge. Moreover, the prosecutor indirectly accused the defendant of committing perjury in the submission of insurance claim forms when the evidence clearly showed that the defendant did not sign any of these forms and the answers given therein were not under oath. Finally, he charged the defendant with hoodwinking juries by his trial testimony into paying on false insurance claims when there was no evidence in the record to support such a charge. Under the established law of this state, we have no alternative but to reverse this conviction and remand the cause for a new trial.
We are also disturbed with the unprofessional language employed by the prosecuting attorney in this case. "It is undoubtedly improper in the prosecution of persons charged with crime for the representative of the state to apply offensive epithets to defendants or their witnesses, and engage in vituperative characterizations of them." Johnson v. State, 88 Fla. 461, 102 So. 549, 550 (1924). "There is no reason under any circumstances at any time for a prosecuting officer to be rude to a person on trial. It is a mark of incompetence to do so ..." Daugherty v. State, 154 Fla. 308, 17 So.2d 290, 291 (1944). "The trial of one charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament." Stewart v. State, 51 So.2d 494, 495 (Fla. 1951). "[T]rials should be conducted coolly and fairly, without the indulgence in abusive or inflammatory statements made in the presence of the jury by the prosecuting officer." Goddard v. State, 143 Fla. 28, 196 So. 596, 602 (1940). In our view, the prosecuting attorney violated each of these well established injunctions under Florida law which lends further weight to our conclusion that reversible error occurred in this case.
We have considered the remaining contentions raised by the defendant on this appeal and find them to be without merit. Resnick v. State, 287 So.2d 24 (Fla. 1973); State v. King, 282 So.2d 162 (Fla. 1973); Sanders v. State, 73 So.2d 292 (Fla. 1954); Francis v. State, 343 So.2d 932 (Fla. 3d DCA 1977); White v. State, 324 So.2d 115 (Fla. 3d DCA 1975); Maycock v. State, 284 So.2d 411 (Fla. 3d DCA 1973); Green v. State, 190 So.2d 614 (Fla. 3d DCA 1966); Casso v. State, 182 So.2d 252 (Fla. 2d DCA 1966); § 775.011(2), Fla. Stat. (1975); § 932.465(2), Fla. Stat. (1973). The convictions and sentences under review are reversed and the cause is remanded to the trial court with directions to grant the defendant a new trial.
Reversed and remanded.