411 So.2d 939 (1982)
Timothy Nelson McGUIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-293.
District Court of Appeal of Florida, Fourth District.
March 24, 1982.
Rehearing Denied April 22, 1982.
Richard L. Jorandby, Public Defender, and Anthony Cavello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was charged and convicted of burglary of a conveyance and sexual battery. Defendant pled not guilty and was convicted after a jury trial in which he testified. Although placed in the physical area of the crime, defendant took the stand and denied his involvement. He raises four points on appeal, one of which, the admission of impeachment evidence without a proper predicate, is dispositive of the matter.
After arrest, a police officer interviewed defendant while in jail. She requested he make a formal statement, which he refused to do. She then asked if he would talk informally, leading appellant to believe that an informal admission would not be used against him. Defendant, who obviously had a very low intelligence level, denied his guilt but made several very damaging admissions. Defendant stated that on the day in question he had seen another individual who was his "twin." This "twin" was dressed exactly the same, had exactly the same hairstyle, and was even wearing the same shoes and sunglasses. Defendant stated to the police officer that he was sure this "twin" had committed the crimes for which he was being blamed. In the same, off-the-record, informal statement, defendant stated that he had been drinking beer and smoking marijuana all day and that he could not remember the day very well, and might be guilty. The police officer did not reduce these statements to writing.
*940 The trial court granted appellant's motion to suppress his statements; however, at trial the court ruled the statements could be used for purposes of impeachment. Appellant took the stand and during cross-examination was asked numerous times whether he had made any prior inconsistent statements. His answer each time was that he did not understand the words being used. Eventually, he said he could not remember. The questions on cross-examination did not include the content of the prior statements. After appellant rested his case, the State called the police officer as a rebuttal witness, and she testified to the appellant's "informal" statements which were contrary to his trial testimony.
The statements made by appellant were voluntary and were admissible for impeachment purposes pursuant to Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and Nowlin v. State, 346 So.2d 1020 (Fla. 1977). However, the trial court erred in permitting the State's rebuttal witness to testify to appellant's prior inconsistent statements over his objection that he had not been given the opportunity to admit, deny, or explain the prior statements. Section 90.614(2), Florida Statutes (1979), provides that a prior inconsistent statement is inadmissible unless a witness is first afforded the opportunity to explain or deny the statement. In the case of Hutchinson v. State, 397 So.2d 1001 (Fla. 1st DCA 1981), the First District reached the same conclusion in a situation where the prior inconsistent statement was that of a witness. Appellant here presents a far more compelling case in that the statements were his own and tended to both impeach and incriminate him. We, therefore, reverse and remand for a new trial.
We further note that the comment made by the prosecutor during closing argument, "It is not my job to prosecute innocent people," was an improper remark and should not be repeated on retrial. Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978); Price v. State, 267 So.2d 39 (Fla. 4th DCA 1972). The matter is remanded for a new trial.
REVERSED AND REMANDED.
DOWNEY and DELL, JJ., concur.