FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a judgment and sentence for burglary. We affirm.
Subsequent to his arrest, appellant was given his Miranda[1] warnings. He then requested an attorney. About two hours later and before an attorney arrived, appellant gave statements to the police admitting his guilt. Prior to trial, the court granted appellant’s motion to suppress these statements.
When appellant testified at trial, he denied his involvement in the burglary. On cross-examination, he also denied having made the statements to the police. The state presented a rebuttal witness to *1022 impeach appellant. The objection of defense counsel to the testimony of the witness was overruled.
The single question presented is where a defendant requests counsel after being informed of his Miranda rights, may statements made by him prior to seeing counsel be used to impeach him when he takes the stand and denies having made any statements?
In Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the United States Supreme Court held that a statement that was inadmissible against a defendant in the prosecution’s case in chief because of a failure of the police to give the defendant Miranda warnings could be used for impeachment to attack the credibility of the defendant’s trial testimony. The Florida Supreme Court in Nowlin v. State, 346 So.2d 1020 (Fla.1977), followed the rule as stated in Harris. The Nowlin court specifically added the proviso that the incriminating statements must be voluntary before they could be used to impeach credibility.
In a recent United States Supreme Court decision, Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), rehearing denied, 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981), the Court stated that where a defendant was given Miranda warnings and then requested an attorney, a statement made by the defendant before an attorney was present must be suppressed unless shown that the defendant initiated the communication with the police.
Appellant argues that the statements given police could not be used for impeachment under Harris because Edwards limits Harris to situations where no Miranda warnings are given at all and not to fact patterns like the instant case, where warnings are given and counsel is requested. Appellant requests that Harris and Nowlin be examined in light of the Edwards decision to see if the court requires a stricter standard for the use of impeaching material when a defendant asserts his right to counsel.
Appellee responds that Edwards has no effect on Harris or Nowlin in that Edwards only requires suppression of the statement and does not address the question whether the statement can be subsequently used to impeach and therefore the Harris position is proper.
A similar fact situation to this one before us existed in Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). After arrest, Hass was given Miranda warnings. He requested that he be allowed to telephone an attorney but was told he could not do so until arrival at the police station. He then provided inculpatory information which was later suppressed. The Supreme Court pointed out that the only possible distinction between Harris and the case before it was the fact that the Miranda warnings given Hass were proper, whereas those given Harris were defective. The Court then stated:
The deterrence of the exclusionary rule, of course, lies in the necessity to give the warnings. That these warnings, in a given case, may prove to be incomplete, and therefore defective, as in Harris, does not mean they have not served as a deterrent to the officer who is not then aware of their defect; and to the officer who is aware of their defect the full deterrence remains. The effect of inadmissibility in the Harris case and in this case is the same; inadmissibility would pervert the constitutional right into a right to falsify free from the embarrassment of impeachment evidence from the defendant’s own mouth.
95 S.Ct. at 1221.
The Court then went on to hold that, having denied making the statements, evidence of those statements may be used to impeach that denial.
In the case before us, there is no evidence to indicate that the statements were coerced or otherwise involuntary. When the defendant denied making the statements he opened the door to his impeachment.
AFFIRMED.
COBB and SHARP, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).