427 So.2d 1036 (1983)
Adelita Quejado GREEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2487.
District Court of Appeal of Florida, Third District.
March 1, 1983.
Rehearing Denied March 28, 1983.
*1037 Fine, Jacobson, Block, Klein, Colan & Simon and Mitchell R. Bloomberg, Miami, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson and William Thomas, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
When this case first appeared we reversed the judgment and conviction and remanded for a new trial. Green v. State, 377 So.2d 193 (Fla. 3d DCA 1979), affirmed, 395 So.2d 532 (Fla. 1981). This appeal is from a judgment and conviction after the new trial. Again, we reverse and remand.
Appellant raises eight points for review, six of which we need not discuss. We consider the first two: (1) whether the trial court erred in allowing purported similar fact or other crime evidence to be admitted when there was virtually no similarity between the crimes charged and further erred in allowing the other crime to become the feature of the case, (2) whether the trial court erred in denying the appellant's motions for mistrial based upon improper comments of the court and the prosecutor.
Appellant, an attorney, was tried for grand larceny arising out of financial transactions involving two of her former clients. The question presented to the jury as an issue of fact was whether appellant had invested the clients' monies according to their instructions or, as charged, had misappropriated those funds.
Over defense objections, the state was permitted to present as "other crimes evidence" a transaction between appellant and a former client named Jossi. In the other transaction, Mr. Jossi had given appellant $45,000 to satisfy a lien which was the subject of a foreclosure action. Appellant turned the file over to a partner for handling of the case. Mr. Jossi objected to representation by the partner and demanded *1038 return of his money. Appellant was unable to return the money initially for the stated reason that she had used the money to cover checks written by her husband, but after a few weeks did make a full refund to Mr. Jossi.
The "similar crimes" rule of evidence is Section 90.404(2)(a), Florida Statutes (1981) which provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. [e.s.]
The similarities between the transaction which is subject of the prosecution and the other similar crime is that both involve transactions between a lawyer and a client whereby the latter entrusts the former with funds, an admitted general similarity. But the similar crimes test is a stringent one: there must be "something so unique or particularly unusual about the perpetrator or his modus operandi that it would tend to establish independently of an identification of him by the collateral crime victim, that he committed the crime charged." Sias v. State, 416 So.2d 1213 (Fla. 3d DCA 1982), citing Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974); Duncan v. State, 291 So.2d 241 (Fla. 2d DCA 1974); Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974). There are no features of the prior transactions which are so unique as to be, when compared with the present offense, a "fingerprint type" characteristic. The state in its brief makes no attempt to define any such trait or feature but candidly argues that the other evidence proved "similar criminal misconduct by the appellant in the handling of funds entrusted to her by clients." The argument concedes that the evidence tended only to show bad character or criminal propensity  precisely what is prohibited by the statute.
The first of several alleged improper comments took place during cross-examination of appellant.
Q. And you remember what flights and alleged trips you took all through 1976, don't you Mrs. Green?
A. Yes, when I looked at my personal diary I remember where I was going.
Q. But you don't remember a conversation with your law partner about money you took. How convenient. [e.s.]
* * * * * *
Q. Now, when Mrs. Green [sic] found out that you had stolen Fred Jossi's money... . [e.s.]
[Defense Counsel]: Objection.
The loquacious psychiatrist who testified for the defendant, volunteered an irrelevant statement by his wife that appellant reminded her of "a very sophisticated, highly-styled, fashionable Dragon Lady in ancient comics." In commenting upon that statement, the prosecutor argued:
"Her own doctor, Dr. Stillman, typified her as the Dragon Lady, beautiful, cunning and evil. That's a Dragon Lady."
The "typifications" of the appellant were not the testimony of the witness but rather were the prosecutor's own prejudicial characterizations. It is improper in the prosecution of persons charged with a crime for the representative of the state to apply offensive epithets to defendants or their witnesses, and to engage in vituperative characterizations of them. There is no reason, under any circumstances, at any time for a prosecuting attorney to be rude to a person on trial; it is a mark of incompetency to do so. Glassman v. State, 377 So.2d 208 (Fla. 3d DCA 1979), citing to Daugherty v. State, 154 Fla. 308, 17 So.2d 290 (1944) and Johnson v. State, 88 Fla. 461, 102 So. 549 (1924).
The cumulative effect of the errors discussed made for less than a constitutionally fair and impartial trial.
Reversed and remanded for new trial.