427 So.2d 326 (1983)
Arthur WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2071.
District Court of Appeal of Florida, Third District.
March 1, 1983.
*327 Bennett H. Brummer, Public Defendant and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Appellant brings this appeal from a conviction for manslaughter. As one of the points on appeal he contends "the trial court erred in allowing the prosecutor to introduce, over objection, the defendant's in-custody statement to the police on rebuttal for the avowed purpose of impeachment, where the statement was procured from the defendant in violation of Miranda, and the state failed to establish any predicate for the statement's introduction, in direct contravention of Section 90.614, Florida Statutes (1979)." The appeal on this point is well taken and we reverse.
Appellant and the deceased became involved in an altercation as a result of which appellant suffered knife wounds across the shoulders and the victim suffered a stab wound to the chest which caused his death. Defendant was arrested shortly thereafter by a police officer named Wilson and confined in a police car. While appellant was confined, Officer Wilson purportedly asked him, "Why did you stick the guy?" According to Wilson, the defendant responded, "He was a no good nigger and he needed killing".
By pretrial motion, the defendant moved to suppress his alleged in-custody statement to the police for the reason that the statement was procured in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In lieu of a pretrial hearing on the motion, the state conceded that the defendant's statement was extracted in violation of Miranda. A formal stipulation was entered into that the statement would not be used by the state during its case-in-chief.
At trial, appellant defended on the theory of self-defense. After the defense had rested its case, the prosecution announced that *328 it intended to elicit the defendant's post-arrest or in-custody statement through Officer Wilson. Defense counsel objected to the admissibility of this statement on the basis that under Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the defendant's statement could only be admitted for the narrow purpose of impeachment, and that during the defendant's testimony at trial no predicate was laid by the state to permit use of the statement as impeachment evidence. The trial court overruled the objection and the jury was permitted to hear the out-of-court in-custody statement.
The state makes two arguments: (1) an objection based on lack of proper predicate is not specific enough to preserve the issue for review, and (2) use of the statement was proper because it tended to impeach appellant's theory of self-defense by showing an intent to kill.
The first argument is without merit. An objection to the admissibility of the statement on the ground that no proper predicate had been laid satisfactorily preserved the issue for review even though defense counsel may have argued that the court did not make prior findings of voluntariness pursuant to Harris v. New York. It is a well established rule in Florida that a witness' prior statements cannot be used for impeachment purposes unless an adequate predicate has first been laid. This rule is now codified in Section 90.614, Florida Statutes (1979):
Prior statements of witnesses.
(1) When a witness is examined concerning his prior written statement or concerning an oral statement that has been reduced to writing, the court, on motion of the adverse party, shall order the statement to be shown to the witness or its contents disclosed to him.
(2) Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible. This subsection is not applicable to admissions of a party-opponent as defined in s. 90.803(18).
We agree with defendant's argument that the statute's mandatory predicate is especially applicable in criminal cases where the state seeks to make use of "Miranda-plagued" incriminating admissions of the accused for the avowed limited purpose of impeaching his veracity. Juries, more often than not, will encounter extreme difficulty in ignoring the incriminating content of an accused's statement which is being introduced solely for consideration of the statement's impeachment value under Harris v. New York. Thus, preliminary to any extrinsic proof by the state of the defendant's statement, the prosecution must directly confront the defendant with this prior statement during cross-examination, and thereby afford him that opportunity, assured him by statute, to fully examine and explain the statement, qualify it, or deny its existence. Nowlin v. State, 346 So.2d 1020, 1024-1025 (Fla. 1977) (Overton, J., concurring).
The state's second argument is equally meritless. Inconsistency between the self-defense testimony and the out-of-court statement is nonexistent. Appellant testified at trial that the victim attacked him and in the process of defending himself the victim was mortally wounded. The intent to use deadly force, inherent in the out-of-court statement, is quite consistent with the theory of self-defense and the intentional use of deadly force to prevent death or serious bodily harm. It is precisely because appellant's theory of self-defense was not inconsistent with his out-of-court statement, that there was never an opportunity for the prosecutor to lay a proper predicate.
Reversed and remanded for a new trial.