# GREEN v. STATE OF FLORIDA

Case No. 83-028-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

July 31. 1984

## APPEARANCES OF COUNSEL

**Bennett H. Brummer**, Public Defender, **Howard K. Blumberg**, Assistant Public Defender, for appellant.

**Jim Smith**, Attorney General, **G. Bart Billbrough**, Assistant Attorney General, for appellee.

Before TENDRICH, BARAD, SALMON, JJ.

## OPINION OF THE COURT

SALMON, J.

Appellant appeals his conviction of retail theft. The State contends that Roy Green entered J.C. Penney Store empty-handed, removed a pair of slacks from their hanger, and employing a receipt he had with him obtained a refund of the price of the slacks. Green contends that he entered the store with the slacks and the receipt, and obtained a refund by returning the previously purchased slacks, which were the wrong size, when he could not exchange them for a pair of the right size.

The ground for appeal was the introduction into evidence of a statement made by Green to the security officer to the effect that Green needed the money, and therefore made the fraudulent return. Whatever statement Green may have made to the security officer was suppressed by the trial judge before trial.[1] Once Green took the stand, the trial judge ruled that he could be impeached by any statement he made, including the one which had been suppressed. The security officer to whom the statement was made was then called as a rebuttal witness, and over objection, the statement was admitted. Green contends that the only use that could be made of the tainted statement, and indeed the trial judge concurred, was to impeach Green, *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643 28 L. Ed.2d 1 (1971). Assuming this to be the case, Green contends that the predicate required by Section 90.614, Florida Statutes (1983) was not met.

The predicate is that provision that requires that before a prior inconsistent statement may be admitted, the witness must first be afforded an opportunity to explain or deny the statement, Section 90.614, (2), Florida Statutes (1983), *Nowlin v. State,* 346 So.2d 1020; *McGuire v. State,* 411 So.2d 939 (Fla. 4th DCA 1982); *Wright v. State,* 427 So.2d 326 (Fla. 3d DCA 1983). Admittedly, the predicate was not laid. The State contends that the error was not preserved, and even though the predicate was not laid, Green was later afforded an opportunity to explain or deny the statement, therefore the error was harmless.

The second part of this contention is answered by the rule itself and the cases interpreting it. First means first. Because of the inherent problem with *Harris* testimony (see concurring opinion of Justice England in *Nowlin v. State,* supra) we concur that this interpretation is correct.

The State also contends that Green's objection concerning lack of a proper predicate was not a sufficient contemporaneous one. Although a

---

[1] The correctness of that ruling is not before us for determination.

precise objection was not made raising lack of predicate, a reading of the entire record demonstrates that the trial judge understood his responsibility with regard to this evidence, and the general objection made was sufficient under the circumstances to preserve the question for review, *Daizi v. State,* 396 So.2d 1160 (Fla. 3d DCA 1981).

Because we are reversing for a new trial, it is unnecessary to decide the other point raised.

Reversed and remanded for a new trial.

BARAD and TENDRICH, JJ., concur.