HENDRY, Judge,
dissenting.
I respectfully dissent. In my view, reversal of appellant’s conviction is mandated where the prosecution was allowed to impeach appellant’s trial testimony, over objection, by the introduction of his post-arrest statements to police which the court had previously suppressed as involuntary.
Reaves’ pre-trial motion to suppress certain inculpatory post-arrest statements asserted, among other grounds, that 1) the statements were obtained in violation of appellant’s constitutionally guaranteed right to counsel and privilege against self-incrimination as interpreted in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and 2) the statements were not freely and voluntarily given, in violation of appellant’s constitutional right to due process of law.
After hearing testimony and argument of counsel and reviewing the case law presented, the court stated its ruling, as follows. “I specifically find under the cases cited to me, and my understanding of the general law, that this was not a voluntary statement, and I will suppress those statements.”
At trial, appellant took the stand and testified in his own behalf, stating that he feared Smith was armed and would carry out his supposed threat to harm appellant’s female friend, so he chased him and *56 stabbed him as they grappled. On cross-examination, over objection, the prosecutor asked whether Reaves had ever told anyone that he pulled a knife on Smith because he was angry and Smith had harassed him; 'that he chased Smith and stabbed him; and that Smith fled when he first saw the knife and was then chased by Reaves. Appellant responded that he either did not make such statements, or could not remember having made them. Defense counsel objected on grounds that the court had suppressed the alluded to post-arrest statements of Reaves to police as involuntary and consequently, they were inadmissible for any purpose, including impeachment.
At a bench conference defense counsel stated that he had relied on the court’s suppression ruling in determining whether to put his client on the stand and the court expressed the view that its ruling did not give appellant the right to commit perjury and that he would allow impeachment of Reaves’ testimony by rebuttal testimony, accepting the state’s argument that this was proper under Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).
The police officer next testified on rebuttal, over renewed defense objection, that Reaves told him he was unsure whether Smith was armed; that he assaulted him with a knife because he was “fed up” with him; that he had chased and stabbed Smith and that Reaves never told him anything about Smith going to the house of Reaves’ female friend to harm her. No limiting instruction was given to the jury that they should consider the officer’s testimony not for the truth of the matters asserted, but only as bearing on the credibility of Reaves’ testimony.
The trial court apparently relied upon Harris v. New York, supra, in ruling that appellant’s prior inconsistent post-arrest statements to police were available for impeachment purposes. In Harris, the United States Supreme Court held that a defendant’s post-arrest statements given in the absence of Miranda warnings may be introduced for impeachment where the defendant has taken the stand and testified inconsistently therewith and where there was no allegation the statements were involuntary. More on point for the state’s position is a later opinion, Oregon v. Hass, 420 U.S. 714, 43 L.Ed.2d 570, 95 S.Ct. 1215 (1975), wherein the Supreme Court found that the fifth and fourteenth amendments to the Constitution of the United States did not prohibit such impeachment use of a defendant’s incriminating statements given after he was read his Miranda rights and requested an attorney, where he testified inconsistently at trial and there was no suggestion that the statements were involuntary or coerced. This analysis was also applied in Hughey v. State, 411 So.2d 1021 (Fla. 5th DCA 1982).
The necessity for a voluntariness determination was underscored by the Florida Supreme Court in Nowlin v. State, 346 So.2d 1020 (Fla.1977):
[WJhenever the state, in order to impeach a defendant’s credibility, chooses to present evidence of a defendant’s incriminating statements which are inconsistent with trial testimony of the defendant and which, are inadmissible in the case-in-chief because of the failure of custodial officers to give Miranda warnings, the statements must be shown to be voluntary before they may be admitted.
Id. at 1024. See also White v. State, 446 So.2d 1031 (Fla.1984) (defendant's prior inconsistent statements held admissible for impeachment where, although trial court did not specifically rule statements were voluntary, evidence supported such a determination).
In the instant case the trial court expressly ruled that appellant’s post-arrest statements were not voluntary, upon considering the issue in connection with the motion to suppress, involuntariness having been raised as one ground for the motion. A trial court’s ruling as to the voluntariness of a confession comes to the reviewing court with the same presumption of correctness that attaches to jury verdicts and final judgments. DeConingh v. State, 433 So.2d 501 (Fla.1983), cert. denied, — U.S. -, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); *57 Gilvin v. State, 418 So.2d 996 (Fla.1982); Stone v. State, 378 So.2d 765 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). Sub judice, there is ample evidence in the record to support the trial court’s initial ruling that appellant’s statements to the police were not voluntary because they were obtained from Reaves after repeated Miranda warnings and attempts at interrogation by several officers in succession where appellant never expressed a desire to make a statement. See United States v. Hernandez, 574 F.2d 1362 (5th Cir.1978) (number of times person in custody advised of rights prior to making statements not immaterial to question of voluntariness); Breedlove v. State, 364 So.2d 495 (Fla. 4th DCA 1978) (continued readings of Miranda rights to accused may constitute undue harassment). Additionally, in view of this express ruling by the trial judge and the record support therefor, it is also clear that the state failed to carry its burden in the court below to show by a preponderance of the evidence that the statements in question were voluntary. See Brewer v. State, 386 So.2d 232 (Fla.1980); Nowlin v. State, supra; Wiley v. State, 427 So.2d 283 (Fla. 1st DCA 1983).
Furthermore, this constitutional error may not, in my view, be considered harmless error, under the standards enunciated in Nowlin v. State, supra, 346 So.2d at 1024 (constitutional error may not be regarded as harmless “if there is a reasonable possibility that the error may have contributed to the accused’s conviction or if the error may not be found harmless beyond a reasonable doubt”); accord Palmes v. State, 397 So.2d 648 (Fla.), rev. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). In this regard, I find particularly applicable the Nowlin court’s further determination that “[t]he admission of the incriminating statements, by undermining the credibility of Nowlin, destroyed a great part of his defense. Unless the jury was fairly sophisticated, the statements were probably considered on the issue of guilt.” Id. at 1024. The absence of any limiting instruction cautioning the jury in the instant case that the rebuttal testimony should be considered only for impeachment of appellant’s testimony that he had not made such statements makes the possibility of such jury confusion all the more likely. The rebuttal evidence clearly prejudiced appellant by making his defenses of self-defense and defense of another appear recently fabricated. Stated otherwise, I would not find that the evidence of appellant’s guilt was so “overwhelming” as to allow us to treat the error as harmless. Jones v. State, 332 So.2d 615 (Fla.1976).
Finally, since the propriety vel non of this impeachment use of appellant’s statements is squarely presented for review, I would consider appellant’s further argument on appeal that no proper predicate was laid for such impeachment. I believe we may not ignore the state’s failure to comply with the statutory prerequisite for such impeachment. Section 90.614(2); Florida Statutes (1981), requires that appellant be afforded the opportunity to explain or deny the prior statements before they are introduced for impeachment purposes. See Wright v. State, 427 So.2d 326 (Fla. 3d DCA 1983) (statute’s mandatory predicate especially applicable in criminal cases where state seeks to use “Miranda-plagued” incriminating admission of defendant for limited purpose of impeaching his veracity). Although in the context of the present case it was likely clear to appellant and his counsel that the statements inquired about on cross-examination were those made to the police and challenged in the motion to suppress, “[t]he proper predicate for impeachment requires the state to advise the defendant the substance of the prior inconsistent statement and the time and place it was made as well as the person or persons to whom made.” Nowlin v. State, supra, 346 So.2d at 1025 (Overton, C.J., concurring).
For the foregoing reasons, I would reverse the judgment appealed and remand for a new trial.