UPCHURCH, F.D., Jr., Judge,
Retired.
Crowell was convicted of two counts of aggravated battery. He appeals, contending that the circumstantial evidence on which the conviction was based was insufficient; that evidence of remote collateral acts were used to prove bad character or propensity to commit the crimes charged. We shall not discuss the other points raised because they are not necessary to resolution of this case.
On November 9, 1986, three teenage boys were exploring a wooded piece of property in Oveido owned by Betty Cro-well, appellant’s mother. They attempted to enter a locked tool shed. When one of the boys pulled away a can covering the lock, a homemade spring-gun device discharged and two of the boys were peppered with no. 6 birdshot. The force which drove the firing pin in the spring-gun was supplied by a rat trap. Crowell’s latent fingerprint from his right ring finger was found on the trap.
The shed contained old items of minimal value belonging to various persons, including ten letters bearing Crowell’s name. The fingerprint expert stated it was impossible to tell how long the fingerprint had been on the trap or suggest the circumstances under which the print was made, i.e., it could have been left on the trap sometime prior to the device having been made. Also found sticking out from under some masking tape used in making the device were some strands of hair. The state’s witness, Robert Kopeck, testified that his forensic examination of the hair strands, when compared to Crowell’s hair, led him to conclude that it was remote or unlikely the trapped hair belonged to Cro-well.
Other testimony received against Crowell revealed that in August, 1982, Crowell told neighbors that he had had some things stolen and that some traps were set so it would not happen again. He warned them not to come onto the property. Crowell’s ex-wife testified that in the spring of 1984 they had moved a small camper onto this property and lived there for a week to one month. While there, she observed a sheet of paper on the trailer warning not to open the door because it was rigged with a gun. She also testified that as of two years ago Crowell had belongings in the shed.
Crowell’s sister, Sherida Mack, testified that Crowell had lost interest in living on the property after falling from a tree and breaking his leg in early 1985. She also stated that her mother associated with various offbeat religious/political groups which practiced back-to-the-land apocalyptic survival techniques. She was aware that some of the people from these groups had lived on the land as late as September 1986, and believed they left items in the shed. She had also been told as much by her mother.
We conclude that Crowell’s conviction must be reversed. When the only proof of guilt is circumstantial, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothe *537 sis of innocence. See McArthur v. State, 351 So.2d 972 (Fla.1977).
The state’s fingerprint expert, as well as that of the defense, concluded that there was no way they could determine the circumstances of the fingerprint being on the trap. There was no way to tell whether the print was placed on the trap during construction of the spring gun or at some earlier time when appellant may have innocently moved the trap. Because the fingerprint does not conclusively implicate Cro-well and because there was other evidence (the hair under the tape) that another person or persons may have constructed the trap, there is a reasonable hypothesis of innocence.
We also conclude that the court erred in admitting evidence of remote collateral acts whose only relevance was to show Cro-well’s bad character or propensity to commit the crimes charged. Crowell objects to the testimony of the neighbors and of his ex-wife as Williams rule or similar fact evidence. Section 90.404(2), Florida Statutes (1985), provides that such evidence is admissible to prove other wrongs or acts where relevant to prove a material fact in issue, such as identity, but such evidence is inadmissible solely to prove bad character or propensity.
There are two problems in considering the admissibility of similar fact evidence. First, what relevant issue is the evidence being offered to prove, other than bad character or propensity? Second, particularly where, as here, the evidence is being offered to prove the identity of the defendant, is the combination of facts sufficiently unique to amount to fingerprint type behavior, i.e., is it improbable that any other person would have committed that crime in that same manner? See, Wilson v. State, 490 So.2d 1062 (Fla. 5th DCA 1986); Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985), review denied, 488 So.2d 831 (Fla.1986); Green v. State, 427 So.2d 1036 (Fla. 3rd DCA), review denied, 438 So.2d 834 (Fla.1983).
To introduce similar fact evidence there must be sufficient similarity between the crime charged and the evidence introduced; the evidence introduced must be relevant to a fact in issue; and the evidence must not be relevant solely to prove bad character. Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), review denied, 413 So.2d 877 (Fla.1982). It is admissible for any purpose if relevant to any material issue other than propensity or bad character. Hudson v. State, 444 So.2d 598 (Fla. 4th DCA 1984). It may be admitted to establish a pattern of conduct similar to the pattern of conduct in a crime for which a defendant is tried. Jones v. State, 398 So.2d 987 (Fla. 4th DCA), review denied, 408 So.2d 1094 (Fla.1981). As noted in Green:
[TJhere must be “something so unique or particularly unusual about the perpetrator or his modus operandi that it would tend to establish independently of an identification of him by the collateral crime victim, that he committed the crime charged.” [citations omitted]
Green at 1038. Moreover, as noted in Heuring v. State, 513 So.2d 122, 124 (Fla.1987), similar fact evidence that a defendant, committed a collateral offense is inherently prejudicial. “Introduction of such evidence creates the risk that a conviction will be based on a defendant’s bad character or propensity to commit crimes, rather than on proof that he committed the charged offense.” Id. at 124.
Similar fact evidence^ must meet a strict standard of relevance. Heuring at 124. "The charged and collateral offenses must not only be strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses.” Id. Moreover, the evidence must be relevant to a material fact in issue. Id. The disputed testimony merely indicated, at best, that several years earlier, Crowell had placed traps on the property. Since one of the victims testified that the lock was a new lock, such testimony seemingly cannot be interpreted to include an inference that the traps placed several years before by Crowell remained and included the trap in the case at bar.
*538 The only similarity between the testimony of the other acts and the facts of this particular crime was that traps were involved. This is a very general fact, not of a unique nature which would satisfy admission under section 90.404(2). Such testimony only showed propensity. Its probative value did not outweigh the unfair prejudice to appellant and was therefore inadmissible.
REVERSED.
ORFINGER and COBB, JJ., concur.