560 So.2d 279 (1990)
Henry J. RILEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-985.
District Court of Appeal of Florida, Third District.
April 17, 1990.
*280 Bennett H. Brummer, Public Defender, and Howard Sohn, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and GERSTEN, JJ.
PER CURIAM.
The defendant appeals a conviction for first-degree murder. There is not much room for doubt that the defendant is guilty of a homicide. Because there is a justiciable question as to the degree of the offense, which followed a post-drinking-spree altercation between the two men, the prejudicial comments of the assistant state attorney in closing arguments require a new trial. Parts of that argument are lifted from the record:
[PROSECUTOR]: Why would I charge him with first-degree murder? Why would the grand jury return the indictment against him, the grand jury of this county?

[DEFENSE COUNSEL]: Objection, your Honor, move for a mistrial, request sidebar.
[PROSECUTOR]: That was read to them.
THE COURT: I'm going to deny the motion, you can make further motion later. Go ahead.
[PROSECUTOR]: Because he's guilty of first-degree premeditated murder.

[DEFENSE COUNSEL]: Objection, renew my motion for a mistrial, your Honor. [Emphasis added].
* * * * * *
[PROSECUTOR]: Because he is guilty of first-degree premeditated murder. I am prosecuting him for it gladly because what happened to Robert Lee Anders was a cold, brutal, senseless death that happened at the hands of man who knew darn well what he was doing when he did it. [Emphasis added].
* * * * * *
[PROSECUTOR]: I don't prosecute people who have legitimate self-defense claims. I wouldn't have prosecuted B.B.B.B. had a gun in his pocket.
[DEFENSE COUNSEL]: Objection, move for a mistrial, your Honor.
THE COURT: Denied. [Emphasis added].
* * * * * *
[PROSECUTOR]: You know, what does [the defense attorney] tell you? Because her client comes off like a liar, it's my fault. Everybody, everybody here is at fault except for Riley. Everybody else is at fault.
B.B.'s at fault that he got killed, I'm at fault for bringing the charges, I'm at fault that he comes off like a liar that he is.
Well, I'll tell you something. I hope and I pray that one day I can be as smart as my defendant. I really do. I really do. [Emphasis added].
* * * * * *
[PROSECUTOR]: What happened, did we forget about the other part we said? Yeah, because that's what happens when you lie. You lie and you lie and you lie and you lie more and you cover up and you can't remember all the lies you said, so you can't keep your story straight. That's what happens when you lie. [Emphasis added].
The statements excerpted above are a compilation of several overzealous arguments the courts have consistently labeled as rude, Glassman v. State, 377 So.2d 208 (Fla. 3d DCA 1979), incompetent, Green v. State, 427 So.2d 1036 (Fla. 3d DCA), rev. denied, 438 So.2d 834 (Fla. 1983), improper, Wilson v. State, 371 So.2d 126 (Fla. 1st DCA 1978), and highly prejudicial, Duque v. State, 460 So.2d 416 (Fla. 2d DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985). A prosecutor may not ridicule a defendant or his theory of defense, Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987), or express a personal belief in the guilt of the accused. Williamson v. State, 459 So.2d 1125 (Fla. *281 3d DCA 1984); McGuire v. State, 411 So.2d 939 (Fla. 4th DCA 1982).
Reversed and remanded for a new trial.