GRIFFIN, Judge.
Timothy Munnerlyn appeals his judgment and sentence for possession of cocaine and sale of cocaine. This case arises out of a controlled buy of cocaine made by a confidential informant, named Cowles, on August 13, 1992 in Ocala, Florida. The buy was orchestrated by the Ocala Police Department working in conjunction with the Marion County Sheriffs Department and the Alachua County Sheriffs Department. Cowles was searched to make sure he was not carrying any drugs and was given $1,200 in cash. Cowles then drove Investigator Mark Islar, of the Alachua County Sheriffs Department, approximately six or seven doors down from defendant’s home. Islar began to walk down the street and watched as defendant got in the ear with Cowles and drove off. Cowles testified that, as they drove around, he gave defendant $1,200 and, in exchange, received nine baggies of rock cocaine. Following the transaction, Cowles retrieved Investigator Is-lar. Cowles was found to have possession of 23 grams of cocaine.
The case went to trial in June 1993. During jury selection, the prosecutor asked a juror during voir dire what her verdict would be if she “had no evidence before [her]?” The juror responded she would not be able to rule without evidence. The prosecutor then stated:
Without any evidence, you certainly can’t convict, can you? Do we all agree with that? I do need to know this. And this is pure speculation because I have not presented any evidence.
But I think that you can trust me, that I am going to put on a case, right? Or we would not be sitting here. We certainly wouldn’t be wasting your time.
Defense counsel objected to this statement, but his objection was overruled.
The witnesses for the state included Cowles, as well as several investigators. In describing his part in the transaction, Islar testified in part as follows:
Q. How long did you work for the Ala-chua County Sheriffs Department?
A. A little less than five years.
Q. During that time, can you describe for the jurors, please, your duties.
A. Basically, I worked as a detective in the narcotics and organized crime unit. Q. What does that involve?
A. Basically, I was usually working in an undercover capacity purchasing narcotics from known drug dealers throughout the area.
Q. Were you working with the drug unit on August 13th of 1992?
A. Yes, I was.
Q. What happened on that day?
A. We were in the process of coming to Ocala to make a purchase from a subject by the name of Timothy Munnerlyn.
Q. Did you know him at that time?
A. No, I didn’t.
Q. Do you now know him?
A. Yes, I do.
He then identified the defendant in the courtroom at the prosecutor’s request. At that point, defense counsel asked to approach the bench and moved for a mistrial on the ground that Investigator Islar had identified defendant as a “known drug dealer,” which *1108 was evidence of bad character. The court reserved ruling on the motion and, later, after reviewing the court reporter’s recitation of the testimony, denied the motion for mistrial.
We agree with defendant that the lower court erred in overruling the objection to counsel’s “trust me” speech, which was plainly improper. See Riley v. State, 560 So.2d 279 (Fla. 3d DCA 1990). On the other hand, even assuming a timely objection, we agree with the lower court that the testimony of Islar, in context, did not identify the defendant as a known drug dealer and did not warrant a mistrial. The question thus becomes whether the “trust me” speech of the prosecutor warrants a new trial. Although we deplore such tactics, given the point in the trial at which it was made and the overall context, we are bound to conclude there is no reasonable likelihood that it deprived this defendant of a fair trial.
AFFIRMED.
HARRIS, C.J., concurs.
DAUKSCH, J., dissents, with opinion.